IRA BREWER v. DORA BREWER.

(Filed 14 May, 1930.)

1. **Divorce D c—Grounds for divorce must be alleged with particularity, but in this case held: complaint aided by answer was sufficient.**

    The law does not favor divorce and requires that in an action for divorce *a mensa* the plaintiff must state the circumstances of the alleged acts upon which this relief is demanded with particularity of detail; but where demurrer is not at first interposed, and the defendant previously files an answer setting forth such circumstances with the particularity required in such cases, and denies the plaintiff's allegations in respect thereto, the deficiency of the complaint thus being supplied, the pleadings will be liberally construed with a view to substantial justice between the parties, C. S., 535, 549, and a demurrer then interposed on the ground that the complaint fails to state a cause of action will be denied. C. S., 511(6).

2. **Appeal and Error E b—Where evidence is not set out in record, it will be presumed that evidence was sufficient to support verdict.**

    Where a party to an action has not objected to the issues submitted by the trial court, and there is no evidence appearing of record on appeal, it will be presumed that there was sufficient evidence on the trial to support the verdict.

3. **Divorce B e—Grounds for divorce a mensa are available to husband.**

    The grounds for divorce *a mensa* given by C. S., 1660, are available to the husband as well as to the wife, or as stated by the express language of the statute to "the injured party."

APPEAL by defendant from *Shaw, J.,* and a jury, 6 January, 1930. From CABARRUS. No error.

The allegations of the complaint are to the effect that plaintiff and defendant are citizens and residents of the State of North Carolina, and that plaintiff has been a resident for more than two years next preceding the commencement of this action. That plaintiff and defendant are man and wife, duly married on or about 5 March, 1921; that they lived together as man and wife until about June, 1928, when plaintiff separated himself from defendant for the causes hereinafter set out, and has

since lived separate and apart from her; that he had to separate himself from defendant on account of cruel and barbarous treatment inflicted by defendant on plaintiff, viz.: (1) In the spring of 1925 the defendant inflicted upon plaintiff serious bodily injury by thrusting an ice-pick into his side about two inches in depth. (2) In January, 1928, defendant threw scalding water on plaintiff. (3) In January, 1928, the defendant endangered the life of plaintiff by shooting at him with a pistol. (4) That in June, 1928, defendant maliciously turned the plaintiff out of his home by removing from his home all of his wearing apparel and trunk and depositing them in the back yard.

Plaintiff further alleges that the separation from defendant was without fault on his part, and that the treatment as above set forth was without cause or provocation on his part. Plaintiff prays the custody of the child about four years old, born of the union and divorce *a mensa et thoro.*

The complaint was accompanied by the affidavit as required by the statute.

The defendant in her answer denied the material allegations of the complaint and set up the plea of self-defense in regard to the charges made by defendant, and minutely set forth in detail all the facts, the antecedent and attending circumstances that caused the trouble complained of by plaintiff, and charged that plaintiff was in the wrong and she was not, and explained the wearing apparel and trunk incident. She set up affirmative relief and as a cross-bill against the plaintiff alleged that plaintiff had abandoned her and her infant son and failed to provide her with necessary subsistence according to his means and condition in life, and prayed "That a decree be entered dismissing the alleged cause of action set up in the complaint; that she be given the custody of her said child; that she be awarded alimony as to the court may seem reasonable, and her maintenance while this action is pending, and for costs, including a reasonable attorney's fee; that she be given all other relief to which she may be entitled."

The issues submitted to the jury and their answers thereto were as follows:

"1. Did the defendant by cruel and barbarous treatment endanger the life of the plaintiff? Answer: Yes.

2. Did the defendant offer such indignities to the person of the plaintiff as to render his condition intolerable and life burdensome? Answer: Yes.

3. Did the defendant maliciously turn the plaintiff out of doors? Answer: Yes.

4. Did the plaintiff, on or about the ........ day of May, 1928, abandon the defendant and her infant son and fail to provide them with neces-

sary subsistence, as alleged in paragraph 3 of defendant's further answer and claim for affirmative relief? Answer: No."

Judgment was rendered for plaintiff on the verdict. Defendant assigned errors and appealed to the Supreme Court.

*Armfield, Sherrin & Barnhart for plaintiff.*
*Palmer & Blackwelder and H. S. Williams for defendant.*

CLARKSON, J. The defendant demurred *ore tenus* after the return of the verdict, and before judgment was signed by the court below, on the ground that "the complaint does not state facts sufficient to constitute a cause of action."

C. S., 511(6). C. S., 518, in part, is as follows: "If objection is not taken either by demurrer or answer, the defendant waives the same, except the objections to the jurisdiction of the court and that the complaint does not state facts sufficient to constitute a cause of action."

The law does not favor divorces, and in divorce cases more detail and minuteness is required in the complaint, and it has been held in this jurisdiction that the complaint for divorce from bed and board is insufficient which does not specifically state the circumstances of the alleged acts of cruelty, give time and place and state what was plaintiff's own conduct and that such acts were without provocation or fault on the part of the plaintiff seeking the divorce. *Martin v. Martin,* 130 N. C., 27. See cases referred to in *Davidson v. Davidson,* 189 N. C., at p. 628.

When a defective statement of a good cause of action is alleged, and not a defective cause of action, which is fatal on demurrer, and the complaint is insufficient and a demurrer is filed by the defendant distinctly specifying the grounds of objection under C. S., 512 *(Enloe v. Ragle,* 195 N. C., 38), the court ordinarily allows the plaintiff to amend to cure the defect. In the present action defendant did not demur on either ground, but answered and set forth the antecedent and attending circumstances minutely and in detail that caused the several disturbances alleged by plaintiff, claiming plaintiff and not she was at fault. This was taken to be denied by plaintiff. C. S., 543. She further prayed for affirmative relief and alimony under C. S., 1667.

The cause came on for trial in the court below. The issues were not objected to by defendant. The evidence is not in the record, but it is presumed that both parties to the controversy and others testified before the jury in the court below and all the differences were brought out pro and con in detail, all the antecedent and attending circumstances and causes that brought about the troubles that plaintiff complained of and defendant complained of. *King v. R. R.,* 176 N. C., 301; *Ricks v. Brooks,* 179 N. C., at p. 208-9.

We think the case is distinguishable from the *Martin case, supra,* when considered in the light of the many damaging allegations in the complaint against defendant for divorce, with the allegation that the treatment was without cause or provocation on plaintiff's part, and the "aider" in the answer, and defendant's prayer for affirmative relief; the pleadings will be liberally construed "with a view to substantial justice between the parties." C. S., 535; C. S., 549.

C. S., 1660, is as follows: "The Superior Court may grant divorces from bed and board on application of the party injured, made as by law provided: (1) If either party abandons his or her family; (2) maliciously turns the other out of doors; (3) by cruel and barbarous treatment endangers the life of the other; (4) offers such indignities to the person of the other as to render his or her condition intolerable and life burdensome."

Defendant in her brief says: "The appellant is unable to find a decision of this Court in any action brought under this section of the statute wherein the husband was the plaintiff in the action; and, while the language of the statute would seem to indicate that it affords relief of this nature to husbands against cruel and barbarous treatment on the part of the wife, yet, the appellant doubts that it was ever intended by the Legislature that this statute should operate in favor of the husband." The statute says on application "of the party injured." According to the verdict of the jury, what the wife did to the husband, in every day parlance was "a plenty." If he was not the "party injured," who could be? The language of the statute is clear and gives the man an equal right which has always been accorded the woman. We find

No error.