BLANCHE LAWRENCE v. CARROLL LAWRENCE.

(Filed 30 October, 1946.)

1. **Divorce § 1—**

Divorce *a mensa et thoro* may be granted on any one of the grounds set forth in G. S., 50-7, but only at the instance of the party injured.

2. **Divorce § 5c—**

In an action for divorce *a mensa et thoro* on the ground that defendant had offered such indignities to the person of plaintiff as to make her condition intolerable and life burdensome, G. S., 50-7 (4), the plaintiff must set out with particularity the language and conduct on the part of defendant relied upon, and must allege and prove that such acts were without adequate provocation on plaintiff's part.

3. **Divorce § 8c—In action for divorce from bed and board, nonsuit is proper upon failure of proof that misconduct complained of was without provocation.**

In this action for divorce *a mensa et thoro* and for subsistence, plaintiff wife alleged that defendant had repeatedly accused her of having sexual relations with her foster father and other men, and her evidence tended to show that all of the specific acts of abuse and misconduct complained of occurred in connection with this accusation. Plaintiff further alleged

LAWRENCE *v.* LAWRENCE.

that she had been faithful and dutiful, and that defendant's acts of abuse and misconduct were without provocation or justification, but did not specifically allege or testify that the accusation was false. *Held:* Defendant's motion for judgment as of nonsuit should have been allowed, since even if the allegation denying provocation or justification be taken as denial of the charge of infidelity, plaintiff offered no testimony in support of such denial.

APPEAL by defendant from *Carr, J.,* at June Term, 1946, of CARTERET.

This is an action for divorce *a mensa et thoro* and for support and maintenance for the plaintiff and her infant daughter, born of the marriage. Plaintiff and defendant were married 24 December, 1942, and the plaintiff left defendant on 16 March, 1945.

An order for the support of the infant child of the plaintiff and defendant, *pendente lite,* was entered in this cause at the October Term, 1945, of the Superior Court of Carteret County. An appeal was taken therefrom to this Court at the Spring Term, 1946. See *ante,* 221.

The plaintiff alleges that since about six months after the marriage of the plaintiff and defendant, the conduct of the defendant toward the plaintiff has been a course of neglect, cruelty, humiliation and insult, repeated and persisted in, especially since 1 October, 1944, making her life burdensome and her condition intolerable. She then alleges certain specific conduct and accusations on the part of the defendant as to the indignities upon which she relies for the relief sought. Among them she alleges that by reason of his misconduct she had a miscarriage on 1 March, 1945; and that on many occasions the defendant accused her of having sexual relations with her foster father and other men.

It is further alleged by the plaintiff that she has always been a faithful, patient and dutiful wife, giving the defendant no provocation or justification for the many indignities and cruelties which she has been compelled to suffer.

The plaintiff is the only child of her foster parents who adopted her when she was six months old. Her evidence tends to show that the conduct and accusations of the defendant upon which she relies for the relief sought, grew out of the defendant's objection to the numerous visits in their home by her foster parents, and particularly by her foster father. It further appears from the evidence of the plaintiff that all the specific acts and the accusations which the plaintiff sets out with particularity as indignities that made her life burdensome and her condition intolerable, occurred about the time, or after the defendant accused the plaintiff of having sexual relations with her foster father.

The defendant offered evidence tending to show that his conduct, about which the plaintiff complains, was provoked or induced by the misconduct of the plaintiff, and also offered evidence tending to show that the plaintiff did have sexual intercourse with her foster father as charged by him.

Motion for judgment as of nonsuit was made at the conclusion of the plaintiff's evidence and renewed at the close of all the evidence. Motion denied and defendant excepted.

Issues were submitted to and answered by the jury as follows:

"1. Were the plaintiff and defendant married, as alleged in the complaint? Ans.: Yes.

"2. Has the plaintiff been a resident of the State of North Carolina for six months next preceding the institution of this action? Ans.: Yes.

"3. Did the defendant offer such indignities to the person of the plaintiff as to render her condition intolerable and her life burdensome, as alleged in the complaint? Ans.: Yes."

Judgment was entered granting the plaintiff a divorce *a mensa et thoro* and directing the defendant to pay the costs of the action, to be taxed by the clerk. The court awarded to plaintiff the sum of $12.50 per week for the support of herself and child, Serena Dawn Lawrence; and ordered the defendant to pay on or before 29 June, 1946, the sum of $248.00 due under the previous order for the support of his child. The court further ordered the defendant to pay an additional sum of $150.00 for the benefit of plaintiff's attorney and $25.00 to cover other expenses incurred by the plaintiff in the prosecution of the cause.

The court merged with this proceedings, the *habeas corpus* proceedings instituted after the separation of the plaintiff and defendant, for the custody of Serena Dawn Lawrence. The order of custody entered in said proceedings 28 May, 1945, was modified and as modified declared to be in full force and effect.

Defendant appeals to the Supreme Court and assigns error.

*Wheatly & Wheatly for plaintiff.*
*Charles L. Abernethy, Jr., for defendant.*

DENNY, J. A divorce *a mensa et thoro* may be granted on application of the party injured on any one of the grounds set forth in G. S., 50-7. *Albritton v. Albritton,* 210 N. C., 111, 185 S. E., 762. The plaintiff in this action relies upon subsection 4 of the above statute and alleges that the defendant offered such indignities to her person as to render her condition intolerable and life burdensome.

The defendant insists that his motion for judgment as of nonsuit, made at the close of the plaintiff's evidence and renewed at the close of all the evidence, should have been granted.

The defendant contends that the allegations of the complaint, as well as the evidence offered in support thereof, are insufficient to support a verdict and judgment for divorce *a mensa et thoro*.

A careful review of the complaint and all the evidence offered in the trial below, tends to show that the conduct of the defendant and the accu-

LAWRENCE *v.* LAWRENCE.

sations made by him, upon which the plaintiff relies as the indignities which had rendered her condition intolerable and her life burdensome, grew out of the charge on the part of the defendant that the plaintiff was too intimate with her foster father. In fact the plaintiff alleges as one of the specific indignities on the part of the defendant, his repeated accusation of her immoral relationship with her foster father and with other men. But, notwithstanding her reliance upon that allegation in her complaint, she did not deny the accusation or allege it was false. Moreover, she testified that her husband had accused her in October or November, 1944, of having sexual intercourse with her foster father, but she did not testify that the accusation was not true.

It might be argued that the allegation in the complaint to the effect that the plaintiff has always been a patient and dutiful wife, giving the defendant no provocation or justification for the many indignities and cruelties which she has been compelled to suffer, is at least an indirect denial of the husband's charge of infidelity. We think, however, such a serious accusation on the part of the husband, if untrue, merits a more direct and emphatic denial. But if we should concede that this allegation in the complaint constitutes a sufficient denial of the charge of infidelity, the plaintiff offered no testimony in support of her allegation that the acts of the defendant were without adequate provocation on her part.

In an action for divorce *a mensa et thoro*, only the injured party is entitled to relief. G. S., 50-7; *Vaughan v. Vaughan,* 211 N. C., 354, 190 S. E., 492; *Carnes v. Carnes, 204* N. C., 636, 169 S. E., 222; *Brewer v. Brewer,* 198 N. C., 669, 153 S. E., 163. And, when the wife institutes such an action she must not only set out with particularity the language and conduct on the part of her husband, upon which she relies for the relief sought, but she is also required to aver, and consequently to prove, that such acts were without adequate provocation on her part. *Pearce v. Pearce,* 225 N. C., 571, 35 S. E. (2d), 636; *Howell v. Howell,* 223 N. C., 62, 25 S. E. (2d), 169; *Pollard v. Pollard,* 221 N. C., 46, 19 S. E. (2d), 1; *Carnes v. Carnes, supra; Dowdy v. Dowdy,* 154 N. C., 556, 70 S. E., 719; *Martin v. Martin,* 130 N. C., 27, 40 S. E., 822; *Jackson v. Jackson,* 105 N. C., 433, 11 S. E., 173. The failure of the plaintiff to allege and offer evidence tending to show the defendant's charge of her infidelity was untrue and unwarranted; and to offer evidence tending to show that the other language and conduct of the defendant relied upon as indignities that made her condition intolerable and life burdensome, were without adequate provocation on her part, is fatal to her action. The verdict below cannot be sustained and the defendant's motion for judgment as of nonsuit should have been allowed.

The judgment of the court below is

Reversed.