MYRTLE McGEE TRULL v. GLENN TRULL.

(Filed 8 September, 1948.)

**1. Divorce § 5d—**

The essential elements required to be alleged in an action for alimony without divorce, G. S., 50-16, are (1) separation of the husband from his wife, and (2) his failure to provide her with necessary subsistence according to his means and condition in life, and demurrer to the complaint on the ground that the acts of defendant husband of which plaintiff complains are not stated with definiteness and particularity, is properly overruled.

**2. Same—**

An allegation in an action for alimony without divorce that the separation of defendant from plaintiff wife was without fault or misconduct on her part, is a sufficient allegation that his acts were without provocation on her part.

APPEAL by defendant from *Moore, J.,* in Chambers at Sylva, N. C., 10 April, 1948, of HAYWOOD.

Civil action for alimony without divorce heard, (1) upon motion of plaintiff for an allowance for subsistence and counsel fees pending the trial and final determination of this cause, G. S., 50-16, formerly C. S., 1667, as amended, and (2) upon defendant's demurrer *ore tenus* to the complaint.

Plaintiff alleges in her complaint, in brief, these pertinent facts: That plaintiff and defendant, residents of Haywood County, North Carolina, were duly married to each other in the year 1931; that thereafter they lived together as husband and wife until on or about 8 August, 1946, when defendant, "without fault or misconduct on the part of the plaintiff, separated himself from and abandoned the plaintiff," and has since lived elsewhere than at the home of plaintiff and defendant in Canton, N. C."; that, though defendant is an able-bodied man, employed and earning approximately $75 per week, he has not contributed anything whatsoever since said date to her support and maintenance; and that she is not strong, but is under the care of a doctor a good part of the time, and is without funds to pay counsel fees to prosecute this action.

Defendant answering complaint of plaintiff admits the allegations as to residence of plaintiff, his marriage to plaintiff and his employment, but denies all other allegations, and by way of further answer sets out further facts not pertinent to this appeal.

When the motion of plaintiff came on to be heard and before it was heard, defendant through his counsel demurred *ore tenus* to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Demurrer was overruled and defendant excepted. The court entered and signed judgment requiring the defendant to make certain payments for subsistence and attorney's fees in accordance with the motion. Defendant excepted and appeals to the Supreme Court, and assigns error.

*Morgan & Ward for plaintiff, appellee.*
*W. W. Candler and Cecil C. Jackson for defendant, appellant.*

WINBORNE, J. This appeal presents this question only: Do the facts alleged in the complaint constitute a cause of action for alimony without divorce?

The court below ruled that it does state such cause of action, and this Court, testing the allegations of the complaint by pertinent portions of G. S., 50-16, and by decisions in the cases of *Brooks v. Brooks,* 226 N. C., 280, 37 S. E. (2d), 909, and *Best v. Best,* 228 N. C., 9, 44 S. E. (2d), 214, is in agreement with that ruling. The statute, G. S., 50-16, provides

in pertinent part that if any husband shall separate himself from his wife and fail to provide her with necessary subsistence according to his means and condition in life, the wife may institute an action in the Superior Court of the county in which the cause of action arose to have a reasonable subsistence and counsel fees allotted and paid or secured to her from the estate or earnings of her husband, and that pending the trial the wife may make application to a specified judge for an allowance for such subsistence and counsel fees *pendente lite.*

The essential elements required to be alleged in cases under this provision of the statute are (1) separation of the husband from his wife, and (2) his failure to provide her with the necessary subsistence according to his means and condition in life. These are alleged in the complaint in the present action.

However defendant contends that the complaint is fatally defective for the further reason that the acts of defendant of which plaintiff complains are not stated with definiteness and particularity. The principle of law on which this contention is made is inapplicable to the state of facts here alleged. Hence the cases *Garsed v. Garsed,* 170 N. C., 672, 87 S. E., 45; *Pollard v. Pollard,* 221 N. C., 46, 19 S. E. (2d), 1; and *Lawrence v. Lawrence,* 226 N. C., 624, 39 S. E. (2d), 807, upon which the defendant relies in this connection, are distinguishable.

Defendant also contends that there is an absence of allegation in the complaint that the conduct of the defendant was without provocation on her part. This contention is likewise without merit. It is alleged in the complaint that the separation of defendant from plaintiff was "without fault or misconduct on the part of the plaintiff." This would seem sufficient to meet this objection.

The judgment below is
Affirmed.