RUBY H. BATEMAN v. THOMAS E. BATEMAN.

(Filed 22 November, 1950.)

**1. Divorce and Alimony § 5d—**

Allegations in an action for alimony without divorce to the effect that defendant constantly mistreated plaintiff and offered such indignities to her person as to endanger her health and safety, and forced her to separate herself from defendant, that defendant drank excessively and failed to provide for her support, and that plaintiff had at all times been a dutiful wife to the defendant, together with plaintiff's denial of defendant's allegations tending to establish want of adequate provocation, *is held* sufficient to state a cause of action for alimony without divorce, and defendant's demurrer thereto was properly overruled. G.S. 50-16.

**2. Divorce and Alimony § 14—**

In an action for alimony without divorce plaintiff must allege and prove with particularity not only the acts constituting grounds for divorce from bed and board relied on, but also that such acts were without adequate provocation on her part.

**3. Divorce and Alimony § 10—**

A verdict establishing that defendant did not separate himself from his wife and fail to provide her with necessary subsistence according to his condition and means in life and did not wrongfully abandon plaintiff *is held* to preclude plaintiff's right to alimony without divorce notwithstanding the jury's finding on a subsequent issue that defendant offered such indignities to her person as to render her condition intolerable and life burdensome, since the verdict establishes that plaintiff was not free from fault and therefore that the acts complained of were not without legal provocation.

DEFENDANT's appeal from *Williams, J.,* June Civil Term, 1950, WAKE. New trial.

This is a civil action for divorce from bed and board and for subsistence, the grounds for divorce from bed and board relied upon by the plaintiff being under subsections 1, 3, 4 and 5 of Section 7, Chapter 50, of the General Statutes of North Carolina, and for subsistence under G.S. 50-16.

The complaint was filed 11 February, 1950, and alleges in substance: That the plaintiff and defendant are citizens and residents of Wake County, N. C., and were married in South Carolina on or about 20 July, 1949; that most of the time after their marriage until this cause was instituted they lived together as man and wife; that since the date of their marriage the defendant has almost continuously mistreated and abused plaintiff; that plaintiff has at all times been a dutiful wife to the defendant; that because of defendant's constant mistreatment the plaintiff has been caused to suffer many indignities to her person and that about

the first of 1950 was caused to spend over a week in the hospital after defendant had mistreated and abused her; that plaintiff separated her-self from defendant on said occasion but defendant begged her to return to live with him and promised to behave himself and make proper provision for her, but to the contrary defendant has continued to mistreat and abuse plaintiff and to drink excessively and has choked her on numer-ous occasions and threatened to kill her; that on the night of 9 February,. 1950, defendant came home and mistreated the plaintiff and violently beat and choked and otherwise physically abused her; that on account of his said misconduct the plaintiff has been forced to separate from the defendant and desires the protection of the court to prevent the defend-ant from further molesting and abusing her; that defendant squanders. much of his money and has not properly provided and does not properly provide for the necessary household and living expenses of the plaintiff; and although defendant has frequently promised to provide for the plain-tiff he has failed and neglected to do so and should be required by the court to make proper provision for the plaintiff.

The defendant, by his answer, admits that he and the plaintiff are residents of Wake County and were married in South Carolina on or about 20 July, 1949, but denies the remaining material allegations in the complaint, alleging in the further .answer and defense, and as a plea in bar of the recovery of any further sums by plaintiff against defendant,. that the true facts are, in substance:

That following his marriage with the plaintiff the defendant was a faithful and dutiful husband and sought to the best of his ability and means to provide for plaintiff but despite the efforts of the defendant various and unhappy differences arose between the plaintiff and the defendant due to the fact that the plaintiff was a selfish, extravagant and exacting wife, forcing the defendant to live and spend sums beyond his means, and in the course of months the defendant became heavily in-debted and was unable to please and satisfy the plaintiff, who became ill in temper and violent in her abuse and mistreatment of the defendant; and on various occasions in the presence of others and in public abused and used violent, profane and offensive language against the defendant,. causing him great humiliation and mortification; that on various occa--sions the plaintiff in a violent temper struck and assaulted the defendant with articles extending from an ashtray to a knife; that defendant during-the period of separation has sought to restore marital relationship and has beseeched plaintiff to settle their differences, without success, and that defendant verily believes plaintiff's marriage to him was for the-selfish purpose of providing herself with material comforts; that as a result of worry, difficulties and humiliation flowing from the treatment, attitude and conduct of the plaintiff toward him he has lost efficiency in.

work, has been discharged from his position, and has yielded to excessive use of alcohol; and the defendant expressly denies that he separated from the plaintiff and failed to provide her with the necessary subsistence according to his means and condition in life but did provide amply for the plaintiff and in excess of his means; that a separation between the plaintiff and defendant was caused and brought about on account of the fault of the plaintiff in numerous respects, including those alleged; that her disposition, attitude and treatment of the defendant was such that it was impossible for the defendant, in spite of his every effort, to please and satisfy the plaintiff; and defendant further expressly denies that he has been guilty of any misconduct or act which would be grounds for divorce, either absolute or from bed and board; and alleges that the separation of the plaintiff and defendant was brought about and caused by the wrongful acts of the plaintiff; that the plaintiff did refuse and continues to refuse to return and live with the defendant under conditions and circumstances within his means and condition in life.

The plaintiff in reply to the further answer and defense of the defendant denied the material allegations, and alleged in substance that the defendant has abused the plaintiff so violently that neither the plaintiff nor any other person could continue to love the defendant and such mistreatment and abuse has rendered plaintiff's condition intolerable and her life burdensome so long as she remained with the defendant; but that defendant's bad habits of drink and otherwise left no alternative for the plaintiff except to leave defendant for her own health and safety.

Upon the reading of the pleadings the defendant demurred *ore tenus* to the complaint for that same did not state facts sufficient to constitute a cause of action in that it was not alleged that the husband separated himself from the wife and failed to provide her with the necessary subsistence according to his means and condition in life or that he had become a spendthrift or a drunkard or was guilty of any misconduct or act that constituted grounds for divorce, either absolute or from bed and board.

The demurrer was overruled and the defendant excepted.

Upon the close of the testimony the defendant entered the following issues:

1. Were the plaintiff and the defendant married as alleged in the complaint?

2. Did the defendant separate himself from his wife and fail to provide her with the necessary subsistence according to his means and condition in life?

3. Was the separation of the plaintiff and the defendant caused in whole or in part by the plaintiff's own fault and wrongdoing as alleged in the answer?

His Honor refused the issues as tendered by the defendant and submitted the following issues:

1. Were the plaintiff and the defendant married as alleged?

2. Did the defendant Thomas E. Bateman separate himself from his wife and fail to provide her with the necessary subsistence according to his means and condition in life?

3. At the time of the separation was the husband a drunkard?

4. Did the defendant wrongfully abandon the plaintiff?

5. Did the defendant by cruel or barbarous treatment endanger the life of the plaintiff?

6. Did the defendant offer such indignities to the person of the plaintiff as to render her condition intolerable and life burdensome?

7. Was the defendant an habitual drunkard?

After the jury had been out for some time it returned its verdict to the court with the issues Nos. 4, 5, 6 and 7 unanswered. The court refused to accept the verdict and instructed that all issues must be answered. After further deliberation the jury brought in their verdict with the answers as follows:

Issue 1, Yes; Issue 2, No; Issue 3, No; Issue 4, No; Issue 5, 8—No, 4—Yes; Issue 6, 8—No, 4—Yes; Issue 7, No.

Upon further instruction by the court that the answers to all issues must be unanimous, the jury returned and deliberated and answered the 5th issue No, and the 6th issue, Yes.

Upon the coming in of the verdict the defendant in due time moved the court that the answer to issue No. 6 be set aside for that it was contrary to the greater weight of the evidence, was not supported by competent evidence, and was in conflict with and repugnant to the answers to issue No. 2 and issue No. 4; and further that under the charge of the court the answer to issue No. 6 was comprehended and included in the answer to issue No. 2 and that the negative answer to the second issue and the affirmative answer to the sixth issue were in conflict and repugnant to each other.

The motions were each denied and the defendant excepted. The defendant moved to set the verdict aside and for a new trial, which motion was overruled, and the defendant excepted. Judgment was signed as appears in the record awarding the plaintiff alimony and support, to which judgment the defendant duly excepted and appealed, assigning errors.

*Simms & Simms and John M. Simms for plaintiff, appellee.*
*Bickett & Banks for defendant, appellant.*

JAMES, J.   The defendant filed a demurrer *ore tenus* upon the reading of the pleadings upon the ground that the complaint did not state facts sufficient to constitute a cause of action in that it was not alleged that the husband separated himself from the wife and failed to provide her with the necessary subsistence according to his means and condition in life or that he had become a spendthrift or a drunkard or was guilty of any misconduct or act that constituted grounds for divorce, either absolute or from bed and board.

His Honor overruled the demurrer and this Court is in agreement with that ruling.  We are of the opinion that the alleged facts contained in the pleadings of the plaintiff are sufficient to withstand the demurrer, are sufficient to constitute a cause of action, and we so hold.  *Barwick v. Barwick,* 228 N.C. 109, 44 S.E. 2d 597; *Trull v. Trull,* 229 N.C. 196, 49 S.E. 2d 225, and cases therein cited.

But upon the coming in of the verdict the defendant in apt time moved to set it aside and for a new trial, which motion was overruled, and defendant excepted.  Judgment was signed, as appears in the record, awarding the plaintiff alimony, to which judgment the defendant duly excepted, and appealed, assigning error.  And thereupon the question arises as to whether or not the answers to the issues submitted to the jury support the judgment.

We are of the opinion that they do not, and so hold.

It was stipulated during the trial of the cause, and the pleadings support the stipulation, that the grounds for divorce from bed and board relied upon by the plaintiff are under subsections 1, 3, 4 and 5 of Sec. 7, Chapter 50, of the General Statutes.  Those sections are as follows:

"G.S. 50-7.   Grounds for divorce from bed and board.—The Superior Court may grant divorce from bed and board on application of the party injured, made as by law provided, in the following cases:

"(1)  If either party abandons his or her family.

"(3)  By cruel or barbarous treatment endangers the life of the other.

"(4)  Offers such indignities to the person of the other as to render his or her condition intolerable and life burdensome.

"(5)  Becomes an habitual drunkard."

The plaintiff's claim for alimony without divorce under G.S. 50-16 was based upon the above sections of G.S. 50-7, and the issues submitted to the jury should have been framed upon the allegations in the pleadings and the evidence introduced under those allegations, with reference to the provisions of G.S. 50-7 upon which the plaintiff relied as grounds for divorce from bed and board.

In an action by a wife against her husband for divorce from bed and board, she must not only set out with particularity the acts of cruelty on the part of the husband upon which she relies, but she is also required to

aver, and consequently to prove, that such acts were without adequate provocation on her part. *Hyder v. Hyder,* 215 N.C. 239, 1 S.E. 2d 540; *Pollard v. Pollard,* 221 N.C. 46, 19 S.E. 2d 1; *Trull v. Trull, supra.*

In this connection, although issues No. 2 and No. 4 are to some extent overlapping, the answer to both of them in the negative, under the charge of his Honor with reference to them, is a finding that the plaintiff was not free from fault or blame with reference to her marital difficulties. Hence the affirmative answer to the 6th issue would not entitle the plaintiff to an award of alimony. *Page v. Page,* 161 N.C. 170, 76 S.E. 619. Therefore, the answers to the issues submitted will not support the judgment.

We are of the opinion that for the reasons stated the defendant is entitled to a new trial, and it is so ordered.

It is, therefore, unnecessary to pass upon the other questions raised by the appeal.

New trial.