## MADELINE DUNN BARWICK v. EDWARD MILTON BARWICK.

(Filed 29 October, 1947.)

**1. Divorce § 12—**

> If the complaint sufficiently alleges any one of the grounds for alimony without divorce, it is sufficient to sustain an order for alimony *pendente lite.*

**2. Divorce §§ 1b, 5d—**

> If the wife is compelled to leave the home of the husband because he offers such indignities to her person as to render her condition intolerable and life burdensome, his acts constitute in law an abandonment of the wife by the husband, and allegations to this effect are sufficient to state a cause of action for alimony without divorce.

**3. Divorce § 5d—**

> Allegations to the effect that defendant husband, without provocation or excuse, would frequently leave his wife and child and visit the wife of a neighbor, sometimes in the neighbor's absence, and that without provocation on her part, but merely upon inquiry concerning such visits, defendant assaulted plaintiff, and refused reconciliation unless plaintiff apologized for statements which defendant had admitted to be true, *is held* sufficient to allege a cause of action for alimony without divorce on the

ground that defendant had offered such indignities to the person of plaintiff as to render her condition intolerable and life burdensome.

**4. Divorce § 1e—**

Acts of a husband which will constitute such indignities to the person of his wife as to render her condition intolerable and life burdensome largely depend upon the facts and circumstances in each particular case.

**5. Divorce § 12—**

A temporary order for subsistence and attorneys' fees upon proper findings by the court do not affect the controverted issues of fact which must be determined by the jury upon the evidence in the action.

**6. Same—**

When the allegations of the complaint are sufficient to support a verdict, if proven, in actions brought for alimony without divorce, under the provisions of G. S., 50-16, the amounts allowed plaintiff for subsistence *pendente lite* and for counsel fees, are determined by the trial judge in his discretion.

APPEAL by defendant from *Frizzelle, J.,* at Chambers in Snow Hill, 29 March, 1947. From CRAVEN.

Action for alimony without divorce. Plaintiff and defendant were married 24 December, 1940. The plaintiff seeks an allowance for her subsistence, for the support of the minor child born of said marriage, and for her attorneys' fees.

From an order granting the plaintiff an allowance *pendente lite* for subsistence for herself and child, and for counsel fees, the defendant appeals, assigning error.

*R. E. Whitehurst and J. A. Jones for plaintiff.*
*J. Faison Thomson and Whitaker & Jeffress for defendant.*

DENNY, J. The sole question presented on this appeal is whether or not the plaintiff has alleged sufficient facts, and with the particularity required by our decisions, to support a verdict for the relief sought. *Lawrence v. Lawrence,* 226 N. C., 624, 39 S. E. (2d), 807; *Brooks v. Brooks,* 226 N. C., 280, 37 S. E. (2d), 909; *Blanchard v. Blanchard,* 226 N. C., 152, 36 S. E. (2d), 919; *Pearce v. Pearce,* 225 N. C., 571, 35 S. E. (2d), 636; *Howell v. Howell,* 223 N. C., 62, 25 S. E. (2d), 169; *Pollard v. Pollard,* 221 N. C., 46, 19 S. E. (2d), 1; *Carnes v. Carnes,* 204 N. C., 636, 169 S. E., 222; *McManus v. McManus,* 191 N. C., 740, 133 S. E., 9.

The defendant complains because it is somewhat difficult to ascertain from the pleadings whether the plaintiff bottoms her action on abandonment by the defendant or upon a course of conduct on the part of the

defendant which she alleges constituted such indignities to her person as to render her condition intolerable and life burdensome. We concede that the pleadings filed herein by the plaintiff and the defendant, consisting of 25 pages of the record, are somewhat prolix. However, if the allegations of the plaintiff are sufficient, if proven, to sustain a verdict, the plaintiff is entitled to an affirmance of the order entered below.

The defendant contends the plaintiff abandoned him, and therefore she is not entitled to the relief she seeks. The plaintiff, on the other hand, alleges in her complaint that she left the home of the defendant on 1 January, 1947, and took refuge in the home of her parents, but she further alleges she was compelled to do so by reason of the conduct of the defendant which constituted such indignities to her person as to render her condition intolerable and life burdensome. If these allegations are true, they would constitute in law an abandonment by the defendant. *Dowdy v. Dowdy,* 154 N. C., 556, 70 S. E., 719; *Pollard v. Pollard, supra; Blanchard v. Blanchard, supra.*

The plaintiff alleges, among other things, that the defendant, over a considerable period of time prior to their separation, insisted on spending a great deal of his time in the home of Mr. and Mrs. James Sutton. That Mr. Sutton is a partial invalid. That the defendant, about July, 1946, began to exhibit an interest in Lillie Mae Sutton, who prior to that time together with her husband had been intimate friends of the plaintiff and the defendant. That said interest increased on the part of Lillie Mae Sutton and the defendant in each other, until such relationship affected adversely the happiness which had theretofore existed between the plaintiff and the defendant. The defendant, without provocation, excuse or just cause on the part of the plaintiff, would leave the plaintiff and the child born of the marriage alone and visit in the Sutton home. Numerous visits were made, some in the daytime and others at night, some when Mr. Sutton was at home and some when he was away from home. That without provocation on her part, but merely upon inquiry concerning his visits to the home of the Suttons, the defendant assaulted her in July, 1946, and on 5 December, 1946. And on the latter date as he assaulted her, he stated in an angry tone of voice that he "ought to beat the dam hell out of her." Later, after the separation, an effort was made to reconcile the marital differences between the plaintiff and defendant, and the defendant agreed to conduct himself with reference to Lillie Mae Sutton, so as not "to again arouse suspicion on the part of his wife; and further agreed to go for the plaintiff on 12 January, 1947, and take her to his home." Plaintiff alleges that defendant failed to keep his agreement and later "insisted that the only condition on which he would re-establish his home, was that the plaintiff apologize to the said Lillie Mae Sutton and her husband for what the plaintiff had said concerning his,

the defendant's conduct in respect to the said Lillie Mae Sutton, all of which said statements made by the plaintiff had theretofore been admitted by the defendant." It is further revealed by the pleadings that the plaintiff is of a nervous temperament, having undergone six operations following the marriage between the plaintiff and defendant, two of which were for miscarriages.

We think the allegations of the plaintiff are sufficient to support a verdict on either or both grounds alleged, if proven by competent evidence. The acts of a husband which will constitute such indignities to the person of his wife, as to render her condition intolerable and life burdensome, largely depend upon the facts and circumstances in each particular case. And such facts and circumstances are for the jury to pass upon unaffected by any temporary order entered for subsistence and attorney's fees. *Sanders v. Sanders,* 157 N. C., 229, 72 S. E., 876. In the last cited case, *Hoke, J.,* speaking for this Court, quoted with approval from the opinion in *Taylor v. Taylor,* 76 N. C., 436, as follows: "No undeviating rule has been as yet agreed upon by the courts, or probably can be, which will apply to all cases in determining what indignities are grounds for divorce, because they render the condition of the party injured intolerable. The station in life, the temperament, state of health, habits and feelings of different persons are so unlike the treatment which would send the broken heart of one to the grave would make no sensible impression upon another. . . . We may assume, then, that the Legislature purposely omitted to specify the particular acts of indignity for which divorces may in all cases be obtained. The matter is left at large under the general words, thus leaving the courts to deal with each particular case and to determine it upon its own peculiar circumstances, so as to carry into effect the purpose and remedial object of the statute."

The court below found as a fact: "That prior to 1 January, 1947, and beginning with the early summer of 1946, the conduct of the defendant was such as to render life for the plaintiff burdensome and living with the defendant intolerable, and such as resulted in a separation between the plaintiff and the defendant under date of 1 January, 1947."

When the allegations of the plaintiff are sufficient to support a verdict, if proven, in actions brought for alimony without divorce, under the provisions of G. S., 50-16, the amounts allowed plaintiff for subsistence *pendente lite* and for counsel fees, are determined by the trial judge in his discretion. *Oldham v. Oldham,* 225 N. C., 476, 35 S. E. (2d), 332.

The order granting the plaintiff temporary subsistence and attorneys' fees, pending the trial and final determination of the issues raised in this action, will be upheld.

Affirmed.