MILDRED LEE BRIGGS v. WILLIAM DONALD BRIGGS

No. 7426DC256

(Filed 5 June 1974)

1. Divorce and Alimony § 18— dependent spouse — sufficiency of findings

In an action for alimony *pendente lite,* the trial court's findings were sufficient to show that plaintiff wife is the dependent spouse and that defendant husband is the supporting spouse.

2. Divorce and Alimony § 18— alimony pendente lite — indignities and abandonment

The evidence was sufficient to support an award of alimony *pendente lite* to plaintiff wife upon grounds of abandonment and indignities where plaintiff's evidence tended to show that defendant husband spent a great deal of time with a female neighbor both at work and in leisure activities, that defendant warned plaintiff not to speak to the neighbor concerning the unhealthy effect she was having on the marriage of the parties, and that defendant abandoned the residence and is presently residing in an apartment.

3. Divorce and Alimony § 18— alimony pendente lite and child support — failure to find reasonable expenses of husband

The trial court erred in ordering defendant, who received a net income of $1,533 per month, to make alimony *pendente lite* and child support payments in excess of $1,000 per month where the court made no finding as to the reasonable and necessary expenses of defendant.

APPEAL by defendant from *Stukes, District Court Judge,* 3 December 1973 Session of District Court held in MECKLEN-BURG County. Argued in the Court of Appeals 14 March 1974.

Action in the cause was initiated by the wife against her husband, seeking alimony and counsel fees *pendente lite,* and custody and support of two minor children. The complaint alleges acts of misconduct by defendant in meetings and activities with Elizabeth Bemis, the wife of a neighbor, causing plaintiff to suffer intolerable indignities and a loss of attention and affection associated with the marital state.

At the close of plaintiff's evidence, defendant moved to dismiss as to portions of the complaint for failure of proof and to dismiss the entire claim for failure to make a sufficient showing; both motions were denied. At the close of all the evidence, defendant moved to dismiss the entire claim for failure to make a sufficient showing. This motion was denied.

An order was entered awarding plaintiff $400 per month for alimony *pendente lite,* $200 per month for support and maintenance, exclusive possession of a 1971 Ford automobile, monthly mortgage payments in the amount of $301, $100 per month to reduce credit balances on Sears and Master Charge accounts, piano lessons for one of the children, medical and hospital expenses for plaintiff and the children and $500 counsel fees. Defendant appealed from the order.

*Mraz, Aycock, Casstevens & Davis, by Nelson M. Casstevens, Jr., for the plaintiff.*

*Richard H. Robertson for the defendant.*

BROCK, Chief Judge.

[1]   Defendant contends the trial court erred in failing to make sufficient findings of fact to support an order for alimony *pendente lite.* G.S. 50-16.8(f) provides, among other things, that when an application for alimony *pendente lite* is made, the trial judge shall find the facts from the evidence presented. The trial judge is not required to make findings as to each allegation and evidentiary fact presented. However, the trial judge is required to make such findings which, upon appellate review, will support his award of alimony *pendente lite.*

The trial judge in this case found from competent evidence that a marital relationship existed between the parties; that the plaintiff is substantially dependent upon the defendant for her maintenance and support; and that the defendant is capable of making support payments. These findings are sufficient to show that plaintiff is the dependent spouse, and that defendant is the supporting spouse.

Defendant contends that the trial court erred in denying defendant's motion to dismiss at the close of plaintiff's evidence and renewed at the conclusion of all the evidence. "Such a motion, apparently made under Rule 41(b), in an action or cause tried by the court without a jury challenges the sufficiency

of the plaintiff's evidence to establish her right to relief. (Citation omitted.) In determining the sufficiency of the evidence in this cause, when the trial judge denied defendant's motion for dismissal, he was subject to the same principles applicable under our former procedure with respect to the sufficiency of the evidence to withstand the motion for nonsuit." *Presson v. Presson,* 12 N.C. App. 109, 182 S.E. 2d 614.

[2]  In this case, plaintiff has bottomed her cause upon the grounds of abandonment and indignities suffered. To withstand the motion to dismiss, plaintiff must make a *prima facie* showing of the existence of her grounds for relief. The showing can be made orally, upon affidavit, verified pleading, or other proof.

In this case, there was evidence to the effect that the defendant spent a great deal of time with Elizabeth Bemis both at work and in leisure activities; that defendant denied plaintiff the right of consortium by failing to show plaintiff the love, affection and attention to which she was accustomed; that defendant warned plaintiff not to speak to Elizabeth Bemis concerning the unhealthy effect she was allegedly having on the marriage of plaintiff and defendant; and that defendant abandoned the residence and is presently residing in an apartment in Charlotte, North Carolina. In our opinion, this evidence constitutes a *prima facie* showing of indignities and abandonment. This assignment of error is overruled.

[3]  Defendant contends the trial court abused its discretion in ordering defendant to make payments in accordance with the findings of fact regarding the reasonable needs and expenses of the plaintiff and the two minor children.

The trial court made findings of fact that defendant received a total of $1,533.00 per month net income from his employment and stock dividends. The trial court ordered the defendant to make monthly payments for the needs and expenses of the plaintiff and the two minor children in excess of. $1,000.00.

Defendant presented evidence of his monthly expenses. However, no finding was made by the trial court as to the reasonable and necessary expenses of defendant. Such an omission appears to ignore the fact that defendant must also exist during this *pendente lite* period. Because of the omission, we are unable to determine by appellate review the basic facts upon which the trial court predicated its award.

For the reasons stated, those portions of the order requiring payments to be made by defendant are vacated and the cause is remanded for awards based upon a balancing of the needs of plaintiff and the children with ability of defendant to pay.

Remanded.

Judges MORRIS and CARSON concur.