MARCIE GAYNELL EUDY v. VAN PATRICK EUDY

No. 7420DC880

(Filed 5 February 1975)

1. **Divorce and Alimony § 2— divorce from bed and board — failure to allege residency**
    The trial court erred in treating this cause as an action for divorce from bed and board where the complaint does not allege that either party has resided in the State for six months next preceding institution of the action. G.S. 50-8.

2. **Divorce and Alimony § 8— error in instructing on constructive abandonment**
    In this action for divorce from bed and board, the trial court erred in instructing on constructive abandonment where plaintiff's evidence tended to show an actual abandonment by defendant.

3. **Divorce and Alimony § 17— alimony — insufficiency of findings**
    The trial court did not make sufficient findings to support its award of alimony and counsel fees upon divorce from bed and board where the court made findings as to the estate, income and expenses of plaintiff but failed to make sufficient findings as to the estate, income and expenses of defendant.

Eudy v. Eudy

ON *certiorari* to review judgment of *Webb, Judge,* entered at the February 1974 Session of District Court held in UNION County.

This is an action in which plaintiff wife seeks to recover from defendant husband temporary and permanent alimony, possession of and title to certain real and personal property, attorney fees and other relief. As grounds for her action she alleges abandonment, cruelty, adultery and indignities.

In his answer, defendant denies material allegations of the complaint. He admits his separation from plaintiff but alleges that the separation was justified because of plaintiff's abusive treatment of him. Issues were submitted to and answered by the jury as follows:

1. Were the plaintiff and the defendant lawfully married as alleged in the complaint?

ANSWER: Yes

2. Did the defendant abandon his wife without adequate provocation as alleged in the complaint?

ANSWER: Yes

3. Did the defendant by cruel or barbarous treatment endanger the life of the plaintiff without adequate provocation as alleged in the complaint?

ANSWER: Yes

4. Did the defendant offer such indignities to the person of the plaintiff as to render her condition intolerable and life burdensome without adequate provocation as alleged in the complaint?

ANSWER: Yes

The parties agreed that the court would pass upon the questions of whether plaintiff is a dependent spouse and defendant a supporting spouse. Following a hearing, the court determined that plaintiff is a dependent spouse and defendant is a supporting spouse. The court made further findings as to plaintiff's financial circumstances and needs.

From judgment granting plaintiff a divorce from bed and board, alimony, and attorney fees, defendant appealed. Certiorari was allowed on 1 August 1974.

*Henry T. Drake and James E. Griffin for plaintiff appellee.*

*Coble Funderburk and Clark & Griffin, by Richard S. Clark and Lewis R. Fisher, for defendant appellant.*

BRITT, Judge.

The complaint alleges an action for alimony without divorce; it does not allege an action for divorce from bed and board and does not ask for that relief. It appears from certain interlocutory orders entered, particularly Judge Crutchfield's order dated 25 August 1972, that prior to trial the cause was treated as an action for alimony without divorce. While the court at trial did not submit all the issues required in an action for divorce from bed and board, it charged the jury with respect thereto and in the judgment granted plaintiff a divorce from bed and board. Although defendant has not assigned this as error, we feel that it is error appearing upon the face of the record which we cannot ignore.

It is clear that in order to obtain a valid divorce in North Carolina, the plaintiff or defendant must have resided in this State for at least six months next preceding the institution of the action for divorce. G.S. 50-8. The residence requirement is jurisdictional. *Donnell v. Howell,* 257 N.C. 175, 125 S.E. 2d 448 (1962). The cited statute requires that the plaintiff set forth in his or her verified complaint " . . . that the complainant or defendant has been a resident of the State of North Carolina for at least six months next preceding the filing of the complaint. . . . " The period of residence applies to an action for divorce from bed and board as well as to an action for absolute divorce. G.S. 50-8. 1 Lee, North Carolina Family Law § 42, at 190.

[1] The complaint filed in this action does not allege that either party had resided in the State for six months next preceding institution of the action. We are aware of the amendment of the pleadings by implied consent principle envisioned by G.S. 1A-1, Rule 15(b), and approved in *Roberts v. Memorial Park,* 281 N.C. 48, 187 S.E. 2d 721 (1972), but do not think the principle would apply in this case where the omitted allegation was necessary to confer jurisdiction. We hold that the trial court erred in treating this cause as an action for divorce from bed and board.

[2] Defendant contends the court erred in charging the jury on constructive abandonment. We agree with the contention. In

3 Strong, N. C. Index 2d Divorce and Alimony § 8, at 330, we find: "It is not necessary, to constitute abandonment of a wife by the husband, that he leave her, but he may constructively abandon her by treating her with such cruelty as to compel her to leave him. . . . "

In the instant case, there was no contention, or evidence tending to show, that plaintiff left defendant; her evidence tended to show an *actual* abandonment by defendant. It is true that defendant contended that his separation from plaintiff was justified by her wrongful conduct toward him, and it might be argued that there is a similarity between conduct constituting constructive abandonment and conduct justifying one spouse to separate from the other. Nevertheless, we think defendant was entitled to have his defense of justification in leaving plaintiff submitted on instructions that were clear and unambiguous.

We hold that the errors discussed above were sufficiently prejudicial to compel vacating the judgment and awarding a new trial.

[3] With respect to the findings of fact, conclusions of law and award of alimony and attorney fees, defendant contends the trial court did not find sufficient facts to permit a fair and complete review by the appellate court. We agree with this contention.

G.S. 50-16.5(a) provides that "[a]limony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case."

In the case at bar, the court made certain findings as to the estate, income and expenses of plaintiff, but it failed to make sufficient findings as to the estate, earnings, income and expenses of defendant. See *Briggs v. Briggs,* 21 N.C. App. 674, 205 S.E. 2d 547 (1974). For example, the court found that defendant received a salary in excess of $11,000 per year; although there was evidence tending to show defendant's compensation after deductions for retirement and income taxes was much less, the court made no finding as to that. The court made no finding as to defendant's other expenses and obligations. Considerable evidence was presented as to income received by the parties many months prior to the trial, but an award of alimony should be based on the estate, earnings, income, obliga-

tions and expenses of the parties at the time the award is made. *Robinson v. Robinson,* 10 N.C. App. 463, 179 S.E. 2d 144 (1971).

For the reasons stated, the judgment appealed from is vacated and this cause is remanded for a

New trial.

Chief Judge BROCK and Judge CLARK concur.