FRANCES D. WATTS v. JOHN HOWARD WATTS

No. 7928DC50

(Filed 20 November 1979)

1. **Divorce and Alimony § 11— defendant's calling of plaintiff by derogatory names—supporting allegations**

   In an action for divorce from bed and board, evidence that defendant called plaintiff by derogatory names was supported by plaintiff's allegations of coldness, lack of affection and other indignities.

2. **Divorce and Alimony § 11— time spent by defendant with another woman—indignities**

   In an action for divorce from bed and board, plaintiff's evidence that defendant husband spent considerable time with another woman was admissible for the purpose of proving the alleged indignities suffered by plaintiff at defendant's hands.

3. **Divorce and Alimony § 17.3— amount of alimony—sufficiency of findings**

   The trial court made sufficient findings to support its award of alimony of $210 per month to plaintiff wife. G.S. 50-16.5(a).

APPEAL by defendant from *Styles, Judge.* Judgment entered 1 August 1978 in District Court, BUNCOMBE County. Heard in the Court of Appeals 16 October 1979.

Plaintiff filed a verified complaint on 10 August 1977 seeking divorce, permanent alimony and alimony *pendente lite* from defendant. Her allegations were to the effect that defendant had abandoned her, had committed adultery, had wilfully failed to provide necessary subsistence according to his means and conditions since their separation on 20 July 1977 and had offered such indignities as to render her condition intolerable and life burdensome because he had been cold and unaffectionate toward her for several years. She further alleged defendant ordered her to leave the family homeplace and told her he did not want to see her again and that defendant had spent very little of his free time with her and had refused to explain long periods of absence.

Defendant counterclaimed for divorce from bed and board alleging that he had been abandoned by the plaintiff.

Plaintiff testified, in pertintent part, that for several years prior to the separation in July, 1977, defendant was not affectionate at all · toward her and abused her by calling her derogatory names. She also testified that defendant spent very little time at home when he was free from work.

She testified that on 19 July 1977, he stated he was going to play cards. Plaintiff testified that she and her daughter followed defendant on that occasion to the home of Mamie Singleton. When defendant returned home the next morning there was a confrontation during which the defendant told plaintiff to get out of their home and stay out. Plaintiff's married daughter, Phyllis Ingle, testified that she had visited her parents' home three or four times a week and observed that her father spent very little time at home. She observed that defendant did not show the plaintiff any affection and ordered her to do chores for him. Mrs. Ingle also testified defendant called plaintiff derogatory names. She had seen the defendant in the company of Mamie Singleton on several occasions and she had accompanied her mother on the night of 19 July 1977, when defendant was followed to the Singleton residence. Plaintiff offered testimony from four additional witnesses which tended to supply similar evidence. Defendant did not offer any evidence.

The jury found defendant did wilfully abandon plaintiff without just cause or provocation; that defendant, without provocation, offered indignities to plaintiff which rendered her condition intolerable and her life burdensome; and that plaintiff did not wilfully abandon defendant without just cause or provocation. Additional evidence was presented concerning the financial obligations and incomes of each of the parties. A final judgment was entered on 1 August 1978 granting plaintiff a divorce from bed and board from defendant and awarding her permanent alimony in the amount of $210.00 per month. Defendant appeals.

*Lloyd M. Sigman, for plaintiff appellee.*

*George W. Moore, for defendant appellant.*

VAUGHN, Judge.

[1]  Defendant assigns error in the admission of evidence, over objection, that defendant called plaintiff by derogatory names. He argues the evidence was not supported by the pleadings. Rule 8(a) of the N.C. Rules of Civil Procedure requires that a claim for relief contain "[a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief . . . ." Plaintiff alleged personal indignities and that "defendant has been cold and unaffectionate toward plaintiff." This is reasonable notice of the basis of plaintiff's claim. The evidence of name calling conforms to the allegation of coldness, lack of affection and other indignities. *See Manning v. Manning*, 20 N.C. App. 149, 201 S.E. 2d 46 (1973). Also, the same evidence of name calling was admitted without objection at other points in the trial. Any benefit to the objection elsewhere is, therefore, waived. 1 Stansbury, N.C. Evidence § 30 (Brandis rev. 1973).

[2]  Defendant also argues that the trial judge erred by allowing plaintiff to present evidence that defendant spent considerable time with another woman. Plaintiff's complaint is based on the grounds of indignities, abandonment and adultery. Adultery, however, was not submitted to the jury as an issue in the case. It is, of course, true that in an action for divorce a spouse is not a competent witness to give evidence on the adultery of the other spouse. G.S. 8-56; G.S. 50-10; *Wright v. Wright*, 281 N.C. 159, 188 S.E. 2d 317 (1972). An examination of the testimony of plaintiff wife does not reveal any incompetent evidence of adultery by defendant husband. In fact where the testimony bordered on circumstantial evidence of adultery, the trial judge either allowed the objection and instructed the jury to disregard the evidence or cautioned plaintiff's counsel to limit his questioning and not delve into the forbidden topic. The evidence that was admitted to the effect that plaintiff had seen defendant with another woman was admissible for purposes of proving the alleged indignities suffered by her at defendant's hands. *Briggs v. Briggs*, 21 N.C. App. 674, 205 S.E. 2d 547 (1974).

[3]  Defendant's final assignment of error raises the issue of whether sufficient findings of fact were made to support the amount of the alimony award. "Alimony shall be in such amount

as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case." G.S. 50-16.5(a). The trial judge's determination of amount will not be disturbed absent a clear abuse of discretion. *Eudy v. Eudy*, 288 N.C. 71, 215 S.E. 2d 782 (1975). The findings of fact in this judgment clearly indicate the factors set out in G.S. 50-16.5(a) were considered. The trial judge's findings include the following:

"(4) Plaintiff is 49 years old, has an 8th grade education, no job training or significant job experience, she has been a housewife throughout the marriage. The parties married one another in 1947, and had four children. All are now legally emancipated.

\*   \*   \*

(6) Defendant works full time at American Enka where he has a net take-home pay of approximately $140.00 per week. He is able bodied and he has been working at Enka for 24 years.

(7) The plaintiff's only source of income is to work as a babysitter for her daughter in return for free rent. Plaintiff has expenses for utilities, groceries, and clothing. She is in good health at the present time. She does not own a car nor have a driver's license."

These findings and others are sufficient compliance with *Eudy v. Eudy, supra.* No abuse of discretion has been shown. The judgment is, in all respects, affirmed.

Affirmed.

Judges ERWIN and HILL concur.