ANNE C. VANDIVER v. MARVIN L. VANDIVER

No. 8021DC496

(Filed 20 January 1981)

**1. Appeal and Error § 30.3— motions to strike granted — failure to instruct jury to disregard answers**

Where defense counsel's objections and motions to strike were properly sustained in the presence of the jury and the jury could only have interpreted these rulings of the court as meaning that the witness's answer was not to be regarded as evidence in the case, defendant could not complain of the trial court's failure to instruct the jury to disregard the answer.

**2. Divorce and Alimony § 11; Husband and Wife § 6— divorce from bed and board — wife's testimony of husband's adultery — admissibility**

In plaintiff's action for divorce from bed and board, the trial court did not err in allowing plaintiff to testify that defendant began seeing another woman in 1975,

that he telephoned this woman from the parties' home, and that from September 1975 until 24 September 1976, the date on which defendant abandoned the parties' home, defendant was gone from the parties' home every weekend and holiday, and there was no merit to defendant's contention that plaintiff's testimony concerning his activities with the other woman was inadmissible because in N. C. neither spouse is a competent witness to prove the adultery of the other, since plaintiff did not allege defendant's adultery; the issue of adultery was not submitted to the jury; and plaintiff's testimony concerning defendant's activities with the woman was admissible for the purpose of proving the alleged indignities suffered by plaintiff at defendant's hands.

**3. Appeal and Error § 48.1; Divorce and Alimony § 11— divorce from bed and board — indignities committed by defendant — admissibility of evidence**

In plaintiff's action for divorce from bed and board, the trial court did not err in admitting into evidence testimony concerning defendant's use of pornographic material in the presence of the parties' minor children, defendant's refusal to provide educational support for one of the parties' adult children, and defendant's sexual advances upon the parties' daughter, since such evidence was relevant to show the circumstances surrounding plaintiff's claim that defendant's acts constituted such indignities to plaintiff's person that her condition was rendered intolerable and her life burdensome; though defendant had no legal obligation to furnish financial assistance to the parties' adult daughter, in light of evidence that plaintiff was furnishing such support while defendant had refused to furnish such aid or assistance, such testimony was relevant to show the burdensome conditions of plaintiff's life occasioned by defendant's conduct; and although defendant objected to plaintiff's testimony concerning defendant's use of pornographic material and his sexual advances upon the daughter, the parties' son and daughter testified without objection in more detail concerning these actions by defendant, and defendant therefore waived the benefit of his earlier objection made with respect to the evidence.

**4. Divorce and Alimony § 11— divorce from bed and board — indignities rendering life burdensome — sufficiency of evidence**

In plaintiff's action for divorce from bed and board on the ground that defendant had inflicted such indignities upon her as to render her life burdensome, evidence was sufficient to enable the jury to find for plaintiff where it tended to show that at some time prior to 1969 defendant began sleeping and spending the majority of his time in the basement of the parties' home, isolated from plaintiff; upon moving into the basement, defendant withdrew from active participation in the resolution of familial and household problems; defendant viewed hardcore pornographic material in his basement and permitted his minor children to view such material; during 1973 and 1974 defendant requested that plaintiff indulge him in various unnatural sexual desires; and subsequent to 1975 defendant was absent from the parties' home every weekend and all holidays until 24 September 1976 when he left the home for good.

**5. Divorce and Alimony § 11— issues submitted to jury — waiver of complaint**

In plaintiff's action for divorce from bed and board on the ground that defendant had rendered such indignities as to make her life burdensome, defendant could not complain on appeal that the issue of plaintiff's indignities offered to defendant

should have been submitted to the jury, since defendant never demanded submission of the issue at trial.

**6. Divorce and Alimony § 11— jury instructions — lapsus linguae — no prejudice**

In plaintiff's action for divorce from bed and board, the trial court, in stating the abandonment issue and the indignities issue, erred by referring to the unwarranted conduct or the adequate provocation of defendant rather than plaintiff, but these errors did not mislead the jury, were clearly *lapsus linguae* and were therefore not prejudicial to defendant.

**7. Divorce and Alimony § 11; Trial § 42— divorce from bed and board — verdict — no irregularity**

In plaintiff's action for divorce from bed and board, trial court did not err in refusing to set aside the jury's verdict on the ground that it was irregular on its face where two issues were submitted to the jury, whether defendant abandoned plaintiff and whether defendant offered indignities to plaintiff so as to render her life burdensome; after some deliberation the jury returned to the courtroom to inquire of the judge whether they had to reach verdicts on both issues, to which the judge replied negatively; the jury subsequently returned a verdict answering only the issue as to indignities; and an affirmative answer to either of the issues submitted would have entitled plaintiff to judgment, and the other issue submitted but not answered could therefore be treated as mere surplusage.

**8. Divorce and Alimony § 16.8— supporting and dependent spouses — no jury question**

Defendant was not entitled to a jury trial on the issue of supporting and dependent spouse status since issues of who is a dependent spouse and who is a supporting spouse are mixed questions of law and fact which can best be determined by the trial judge when he sets the amount of permanent alimony.

**9. Divorce and Alimony § 16.6— supporting and dependent spouses — sufficiency of evidence**

Evidence was sufficient to support trial court's conclusion that plaintiff was the dependent spouse and defendant the supporting spouse where it tended to show that plaintiff's income was approximately $189 per month while her house payment was $113.75 and other reasonable monthly expenses were $432; and although defendant was not employed at the time of the hearing, his monthly income totalled $998 while his monthly expenses were approximately $863, but those expenses were expected to be reduced to $597 within a few months after the hearing.

**10. Divorce and Alimony § 16.6— award of alimony to plaintiff proper**

The trial court did not err in ordering an award of alimony to plaintiff, since the dependent spouse is entitled to an order of alimony when the supporting spouse offers such indignities to the dependent spouse's person as to render her condition intolerable and life burdensome; the trial court properly found plaintiff to be a dependent spouse and defendant a supporting spouse; and the jury properly determined that defendant offered the requisite indignities to plaintiff without provocation.

**11. Divorce and Alimony § 16.5— plaintiff's acts of misconduct — evidence properly excluded at alimony hearing**

> The trial court did not err in refusing to allow defendant, at the hearing on the amount of alimony, to put on evidence of plaintiff's acts of misconduct in order to reduce or deny the alimony, since the issue of fault was a factual question which had been resolved by the jury's verdict that defendant offered the requisite indignities to plaintiff without provocation.

**12. Divorce and Alimony § 16.9— attorney's fees — award proper**

> There was no merit to defendant's contention that, because plaintiff's claim for alimony pendente lite was denied, plaintiff was precluded from recovering attorney's fees in the subsequent action for permanent alimony. G.S. 50-16.4.

APPEAL by defendant from *Alexander (Abner), Judge.* Judgment entered 27 December 1979 in District Court, FORSYTH County. Heard in the Court of Appeals 13 November 1980.

Plaintiff initiated this action on 10 November 1976 by filing a verified complaint seeking, *inter alia*, a divorce from bed and board, temporary and permanent alimony and reasonable attorney's fees. Plaintiff alleged that defendant had abandoned plaintiff without provocation and that defendant had offered indignities to the person of plaintiff. In his answer defendant denied plaintiff's allegations and alleged that plaintiff had constructively abandoned defendant and had offered indignities to defendant's person. Defendant also counterclaimed for an absolute divorce. Plaintiff's claims for alimony pendente lite and counsel fees were denied at a hearing on 30 December 1976.

The case was tried before a jury. Plaintiff presented evidence concerning defendant's domestic activities and that defendant abandoned the parties' home on 24 September 1976. Plaintiff's evidence will be discussed in more detail in the body of the opinion. Defendant's motion for a directed verdict at the close of plaintiff's evidence was denied. Defendant presented no evidence. The jury found that defendant, without provocation, had offered such indignities to the person of the plaintiff as to render her condition intolerable and life burdensome. Following the denials of defendant's motions for judgment n.o.v. and to set aside the verdict and for a new trial, the trial judge heard testimony to determine the issues of dependent and supporting spouse, and the amount of alimony. At the conclusion of this hearing, the trial judge made detailed findings of fact and concluded that plaintiff was a dependent spouse, defendant was a supporting spouse, and that plaintiff was entitled to an order for permanent alimony, for

reasonable attorney's fees, and for a divorce from bed and board from defendant. This judgment awarded plaintiff $250.00 each month as permanent alimony and $2,500.00 as reasonable attorney's fees. Defendant appeals.

*Pfefferkorn & Cooley, P.A., by Robert M. Elliott, for plaintiff appellee.*

*Max D. Ballinger for defendant appellant.*

WELLS, Judge.

**[1]**  Defendant's first assignment of error concerns several instances during the defendant's examination of plaintiff when the trial judge sustained both defendant's objections to and motions to strike certain questions and answers but failed to instruct the jury to disregard the answers. Although the better procedure, upon allowing a motion to strike, is for the court to give the instruction to disregard the answer immediately after allowing the motion, *see State v. Franks,* 300 N.C. 1, 13, 265 S.E. 2d 177, 184 (1980); *State v. Greene,* 285 N.C. 482, 495, 206 S.E. 2d 229, 237 (1974), we find no prejudicial error in this case. Defense counsel's objections and motions to strike were promptly sustained in the presence of the jury and the jury could only have interpreted these rulings of the court as meaning that the witness' answer was not to be regarded as evidence in the case. *Moore v. Insurance Co.,* 266 N.C. 440, 450, 146 S.E. 2d 492, 500 (1966).

**[2]**  Defendant assigns error to the trial court's decision to allow plaintiff to testify that defendant began seeing another woman in 1975, that defendant telephoned this woman, Virginia Holder, from the parties' home, and that from September 1975 until 24 September 1976, defendant was gone from the parties' home every weekend and holiday. Sylvia Vandiver, the parties' daughter, testified without objection that after 24 September 1976, she visited her father several times at Virginia Holder's house where he was living. Defendant contends that plaintiff's testimony concerning defendant's activities with Virginia Holder was inadmissible because in North Carolina, according to *Hicks v. Hicks,* 275 N.C. 370, 167 S.E. 2d 761 (1969), neither spouse is a competent witness to prove the adultery of the other. While correctly stating the rule in *Hicks, see* G.S. 50-10, defendant incorrectly concludes that it applies to the case *sub judice.* Defendant's adultery was not in issue in this case as it was in *Hicks.* In this case, plaintiff had not alleged defendant's adultery and the issue of

issue of adultery was not submitted to the jury. When there has been no accusation or attempt by plaintiff to prove adultery, and when plaintiff's testimony provides no clear implication of defendant's sexual intercourse amounting to adultery, the *Hicks* rationale is inapposite. *Traywick v. Traywick,* 28 N.C. App. 291, 293-94, 221 S.E. 2d 85, 87 (1976); *Earles v. Earles,* 26 N.C. App. 559, 563-64, 216 S.E. 2d 739, 742-43, *disc. rev. denied,* 288 N.C. 239, 217 S.E. 2d 679 (1975). Plaintiff's testimony concerning defendant's activities with Virginia Holder was admissible for purposes of proving the alleged indignities suffered by plaintiff at defendant's hands. *Watts v. Watts,* 44 N.C. App. 46, 48, 260 S.E. 2d 170, 171 (1979); *see also Horner v. Horner,* 47 N.C. App. 334, 267 S.E. 2d 65 (1980). Defendant's assignments of error with regard to this testimony are overruled.

**[3]** Defendant next assigns error to the admission into evidence of testimony concerning: (1) defendant's use of pornographic material in the presence of the parties' minor children; (b) defendant's refusal to provide educational support for one of the parties' adult children; and, (c) defendant's sexual advances upon the parties' daughter. Initially, we hold that the aforementioned evidence is relevant to show the facts and circumstances surrounding plaintiff's claim that defendant's acts constituted such indignities to plaintiff's person that plaintiff's condition was rendered intolerable and life burdensome. *See Barwick v. Barwick,* 228 N.C. 109, 112, 44 S.E. 2d 597, 599 (1947); *Chambless v. Chambless,* 34 N.C. App. 720, 722-23, 239 S.E. 2d 624, 625 (1977); 1 Lee, N.C. Family Law § 82, at 382-90 (1979). We also note that although defendant objected to plaintiff's testimony concerning defendant's use of pornographic material and defendant's sexual advances upon the daughter, the parties' son and daughter testified in more detail concerning these actions by defendant, without objection. When a party fails to object to the admission of evidence, the benefit of any earlier objection made with respect to that evidence is waived. *Watts v. Watts, supra,* at 48, 260 S.E. 2d at 171. While we recognize that defendant had no legal obligation to furnish financial assistance to the parties' adult daughter, in the light of evidence that plaintiff was furnishing such support while defendant had refused to furnish such aid or assistance, we consider such testimony relevant in this case as to the burdensome conditions of plaintiff's life occasioned by defendant's conduct. These assignments of error are overruled.

**[4]** Defendant next assigns as error the trial court's denial of defendant's motions for a directed verdict and for judgment n.o.v. We find

each of these assignments of error to be without merit.

A motion for a directed verdict and a motion for judgment n.o.v. present the question of whether the evidence was sufficient to enable the jury to find for plaintiff. *Dickinson v. Pake,* 284 N.C. 576, 583, 201 S.E. 2d 897, 902-3 (1974). In making this determination the evidence must be considered in the light most favorable to the non-movant. *Id.* A dependent spouse is entitled to an order for alimony when the supporting spouse "offers such indignities to the person of the dependent spouse as to render his or her condition intolerable and life burdensome." G.S. 50-16.2(7); *Fogleman v. Fogleman,* 41 N.C. App. 597, 599, 255 S.E. 2d 269, 270 (1979); 2 Lee, N.C. Family Law § 137, at 165 (1980). Plaintiff's evidence indicated that at some time prior to 1969, defendant began sleeping and spending the majority of his time in the basement of the parties' home, isolated from plaintiff. Upon moving into the basement, defendant withdrew from active participation in the resolution of familial and household problems. Defendant viewed "hardcore" pornographic material in his basement and permitted his minor children to view such material. During 1973 and 1974, defendant requested that plaintiff indulge him in various unnatural sexual desires. Subsequent to 1975, defendant was absent from the parties' home every weekend and all holidays until 24 September 1976 when defendant left the home for good. Taken in the light most favorable to plaintiff, there is evidence that defendant denied plaintiff any reasonable companionship and affection. *See Briggs v. Briggs,* 21 N.C. App. 674, 676, 205 S.E. 2d 547, 549 (1974). Recognizing that the "acts of a husband which will constitute such indignities to the person of his wife, as to render her condition intolerable and life burdensome, largely depend upon the facts and circumstances in each particular case," *Barwick v. Barwick, supra,* at 112, 44 S.E. 2d at 599, we hold the evidence was sufficient to enable the jury to find that plaintiff had suffered such indignities at the hands of defendant.

[5] Defendant's next assignments of error involve the issues submitted to the jury. Defendant contends that his counsel was not sufficiently put on notice of which of the proposed issues would actually be submitted to the jury, and that the issue of plaintiff's indignities offered to defendant should have been submitted to the jury. G.S. 1A-1, Rule 49(c) of the Rules of Civil Procedure, provides as follows:

If, in submitting the issues to the jury, the judge omits any

issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the judge may make a finding; or, if he fails to do so, he shall be deemed to have made a finding in accord with the judgment entered.

Although there was some evidence to the effect that plaintiff offered indignities to defendant, and although defendant's pleadings did raise such issue, the record does not indicate that defendant ever demanded submission of the issue. Defendant could have demanded the issue's submission at any time before the jury retired. The inadvertent omission of an issue of fact should not jeopardize a whole trial when an impartial fact finder is on hand to make the requisite finding. *Foods, Inc. v. Super Markets,* 288 N.C. 213, 225-26, 217 S.E. 2d 566, 575 (1975). These assignments of error are overruled.

Defendant also assigns error to the failure of the trial judge to submit the issue of defendant's entitlement to an absolute divorce to the jury. Defendant's failure to demand the submission of this issue to the jury before the jury retired, requires that we also find this assignment of error to be without merit.

Defendant also assigns error to four aspects of the trial court's charge to the jury. The trial judge, in his summary of the evidence, stated that the defendant moved down to the basement "around 1963 or '64". While there was testimony that defendant moved to the basement at that time, other evidence indicated that defendant had not moved to the basement until some years after 1964. Defendant contends that this incomplete summarization of the evidence was prejudicial even in light of the trial court's admonition to the jury at the end of his summary of the facts that his summary did not cover all the evidence. The record divulges, however, that defendant never objected at trial to this aspect of the jury charge. By failing to call this alleged misstatement of the evidence to the attention of the court at any time during the trial, defendant has waived any right to have it considered on appeal. *Penland v. Green,* 289 N.C. 281, 285, 221 S.E. 2d 365, 369 (1976); *Womble v. Morton,* 2 N.C. App. 84, 88, 162 S.E. 2d 657, 660 (1968).

Defendant also objects to the trial judge's summation of the evidence of defendant's use of pornography, defendant's activities

Vandiver v. Vandiver

with Virginia Holder and defendant's indecent liberties taken with his daughter, on grounds of irrelevancy to the issue of indignities suffered by plaintiff. We have already held this evidence to be relevant to show the facts and circumstances surrounding plaintiff's claim, and we therefore overrule this assignment of error.

[6]   Defendant's final two assignments of error regarding the charge to the jury concern the following two excerpts from the charge, stating the abandonment issue and the indignities issues respectively:

> [T]he plaintiff must also show that this abandonment was without adequate provocation; that is, that it was not the result of the unwarranted conduct of the (defendant.)

> (This means that the plaintiff, Anne C. Vandiver, must prove by the greater weight of the evidence, that the defendant subjected the plaintiff to such indignities as to render her condition intolerable and life burdensome and that these indignities were without adequate provocation by the (defendant.))

The court erred by referring to the "unwarranted conduct" or the "adequate provocation" of defendant rather than plaintiff in these two excerpts. The trial judge did, however, properly instruct the jury in several other portions of the charge and taken as a whole we hold that these errors did not mislead the jury but were clearly *lapsus linguae* and were therefore not prejudicial to defendant. *See Van Poole v. Messer*, 25 N.C. App. 203, 206-7, 212 S.E. 2d 548, 550 (1975).

[7]   Defendant next assigns error to the trial court's refusal to set aside the jury's verdict on grounds that the verdict was irregular on its face. Two issues were submitted to the jury:

> 1. Did the defendant, Marvin L. Vandiver, willfully abandon the plaintiff, Anne C. Vandiver, without just cause or provocation?

>          . . . .

> 2. Did the defendant, Marvin L. Vandiver, without provocation, offer such indignities to the person of the plaintiff, Anne C. Vandiver, as to render her condition intolerable and life burdensome?

After some deliberation the jury returned to the courtroom to inquire of the judge whether they had to reach verdicts on both issues. The

trial judge instructed the jury that if it reached an affirmative answer as to one of the issues, then it would be unnecessary to answer the other issue. The jury subsequently returned a verdict as follows: "issue number 1, no answer; issue number 2, yes." An affirmative answer to either of the issues submitted would have entitled plaintiff to judgment, and therefore the other issue submitted but not answered may be treated as mere surplusage. 2 McIntosh, N.C. Practice 2d, § 1577, at 84 (1956). *See also Campbell v. R.R.,* 201 N.C. 102, 109, 159 S.E. 327, 331 (1931). We perceive no irregularity in this verdict and therefore overrule this assignment of error.

[8] Defendant also makes several assignments of error based upon the trial court's conclusion of law that plaintiff was a dependent spouse and that defendant was a supporting spouse. Defendant first contends that he was entitled to a jury trial on the issues of supporting and dependent spouse status. This question has previously been answered by this Court. The issues of who is a dependent spouse and who is a supporting spouse are "mixed questions of law and fact which can be best determined by the trial judge when he sets the amount of permanent alimony." *Earles v. Earles, supra,* at 562-63, 216 S.E. 2d at 742; *see also Fogleman v. Fogleman, supra,* at 599, 255 S.E. 2d at 270; *Bennett v. Bennett,* 24 N.C. App. 680, 681-82, 211 S.E. 2d 835, 836-37 (1975); 2 Lee, N.C. Family Law § 137, at 167-68 (1980). It was proper for the trial court not to submit the issues of supporting and dependant spouse status to the jury.

[9] Defendant's second contention challenges the sufficiency of the evidence to support the trial judge's findings of fact and conclusions of law that plaintiff was a dependent spouse and defendant was a supporting spouse.[1] The trial judge found the following facts which were

---

[1] § 50-16.1 Definitions.—As used in the statutes relating to alimony and alipendente lite unless the context otherwise requires, the term:

. . . .

(3) "Dependent spouse" means a spouse, whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse.

(4) "Supporting spouse" means a spouse, whether husband or wife, upon whom the other spouse is actually substantially dependent or from whom such other spouse is substantially in need of maintenance and support. A husband is deemed to be the supporting spouse unless he is incapable of supporting his wife.

Vandiver v. Vandiver

specifically testified to by plaintiff at the hearing: (1) in the first eleven months of 1979, plaintiff's total income was $2,264.79—$2,132.79 from several government grants and programs, and $132.00 in dividends from stock owned jointly by the parties; (2) since defendant's departure in 1976, plaintiff has made the monthly house payments of $113.75 without contribution from defendant; (3) in addition to the house payments, plaintiff incurs reasonable monthly expenses in the amount of $432.15; (4) although defendant was not employed at the time of the hearing, his monthly income, in the form of a pension from his former employer and social security benefits, totalled $998.00; and (5) defendant's monthly expenses will decrease to $597.00 several months after the time of hearing. Based on these facts, the trial judge concluded that:

> 17. The plaintiff is actually substantially in need of maintenance and support from the defendant, since on the basis of her income of this year, she is not only able to provide approximately One Hundred Eighty-Nine Dollars ($189.00) of the Four Hundred Thirty-two Dollars and Fifteen Cents ($432.15) which she presently incurs in monthly expenses. Therefore, the plaintiff does not have sufficient resources whereon to subsist hereafter.
>
> . . . .
>
> 19. The defendant, as the husband of the plaintiff, is the person upon whom she is actually substantially dependent to maintain the station in life to which she has been accustomed. Further, the defendant is financially capable of contributing to the plaintiff's support, given his tax-free income of approximately Nine Hundred Ninety-eight Dollars ($998.00) per month and his present monthly expenses of approximately Eight Hundred Sixty-three Dollars ($863.00), which will be reduced to approximately Five Hundred Ninety-seven Dollars ($597.00) in the next several months when he has satisfied his obligations concerning the payments on his truck and on his wood stove.
>
> 20. Based on the estate and earnings of the parties herein, a fair, reasonable and necessary amount for the defendant to pay towards the support and maintenance of the plaintiff is Two Hundred Fifty Dollars ($250.00) per month and the defendant is financially capable of paying said amount.

We hold that these findings of fact properly support the trial court's conclusions of law that plaintiff was the dependent spouse and defendant the supporting spouse. *See Williams v. Williams,* 299 N.C. 174, 179-87, 261 S.E. 2d 849, 854-58 (1980). Because of this holding, it is unnecessary that we consider defendant's assignment of error concerning the constitutionality of the provisions of G.S. 50-16.1(4) that the husband is deemed to be the supporting spouse unless he is incapable of supporting his wife. *See Galloway v. Galloway,* 40 N.C. App. 366, 369, 253 S.E. 2d 41, 43-44 (1979). All of defendant's assignments of error regarding the trial court's determination of dependent and supporting spouse status are overruled.

**[10]** Defendant next assigns as error the trial court's order awarding alimony to plaintiff. This assignment of error is clearly without merit. A dependent spouse is entitled to an order for alimony when the supporting spouse offers such indignities to the dependent spouse's person as to render her condition intolerable and life burdensome. G.S. 50-16.2(7); 2 Lee, N.C. Family Law § 137, at 165 (1980). As we discussed above, the trial court properly found plaintiff to be a dependent spouse and defendant a supporting spouse, and the jury properly determined that defendant offered the requisite indignities to plaintiff without provocation. An award of alimony to plaintiff was clearly authorized in these circumstances. Defendant also challenges the award, however, on the grounds that the $250.00 per month award was $6.85 more than the amount that plaintiff testified she needed for monthly expenses. The trial judge's determination of the amount of alimony will not be disturbed absent a clear abuse of discretion. *Eudy v. Eudy,* 288 N.C. 71, 79-80, 215 S.E. 2d 782, 788 (1975). The findings of fact in this judgment indicate that the trial court properly considered those factors that by statute are relevant to the determination of the amount of alimony. G.S. 50-16.5(a); *Watts v. Watts, supra,* at 48-49, 260 S.E. 2d at 172. No abuse of discretion has been shown.

**[11]** In a related assignment of error, defendant contends that the trial court erred in refusing to allow defendant, at the hearing on the amount of alimony, to put on evidence of plaintiff's acts of misconduct in order to reduce or deny the alimony pursuant to G.S. 50-16.5(b). Although fault may be a consideration in determining the amount of alimony, *Williams v. Williams, supra,* at 187-88, 261 S.E. 2d at 858-59, the issue of fault in the case *sub judice* was a factual question resolved by the jury's verdict that defendant offered the requisite indignities to plaintiff without provocation. *See Self v. Self,* 37 N.C. App. 199, 200-1,

245 S.E. 2d 541, 542-43, *disc. rev. denied,* 295 N.C. 648, 248 S.E. 2d 253 (1978). The trial court did not err in refusing to allow defendant to resurrect the issue of fault at the alimony hearing. This assignment of error is overruled.

**[12]**    Defendant also assigns error to the trial court's order awarding plaintiff reasonable attorney's fees. G.S. 50-16.4 provides:

> At any time that a dependent spouse would be entitled to alimony pendente lite pursuant to G.S. 50-16.3, the court may, upon application of such spouse, enter an order for reasonable counsel fees for the benefit of such spouse, to be paid and secured by the supporting spouse in the same manner as alimony.

Defendant contends that because plaintiff's claim for alimony pendente lite was denied, plaintiff is precluded from recovering attorney's fees in the subsequent action for permanent alimony. We disagree. In *Upchurch v. Upchurch,* this Court said:

> We construe the statute [G.S. 50-16.4] to say that *at any time* a dependent spouse can show that she has the grounds for alimony pendente lite—(1) that she is entitled to the relief demanded in her action or cross-action for divorce from bed and board or alimony without divorce, and (2) that she does not have sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof—the court is authorized to award fees to her counsel, and that "at any time" includes times subsequent to the determination of the issues in her favor at the trial of her cause of its merits.

34 N.C. App. 658, 664-65, 239 S.E. 2d 701, 705 (1977), *disc. rev. denied,* 294 N.C. 363, 242 S.E. 2d 634 (1978). The trial court made findings of fact showing that the fees were allowable and that the amount awarded was reasonable. *See Rickert v. Rickert,* 282 N.C. 373, 193 S.E. 2d 79 (1972); *McLeod v. McLeod,* 43 N.C. App. 66, 68, 258 S.E. 2d 75, 76-77, *disc. rev. denied,* 298 N.C. 807, 261 S.E. 2d 920 (1979). This assignment of error is overruled.

Defendant also assigns error to the trial court's order awarding plaintiff a divorce from bed and board. The jury verdict entitled plaintiff to the trial court's judgment awarding plaintiff divorce from bed and board. This assignment is without merit and is overruled.

No error.

Judges VAUGHN and MARTIN (Robert) concur.