BUNN BENNETT v. ANNIE MAE BENNETT

No. 748DC886

(Filed 19 February 1975)

**Divorce and Alimony § 16— dependent and supporting spouses — determination by court**

The determination of who is a "dependent spouse" and who is is a "supporting spouse" within the meaning of G.S. 50-16.1(3), (4) should be made by the trial judge and not by the jury.

APPEAL by plaintiff from *Nowell, Judge.* Judgment entered 6 June 1974 in District Court, LENOIR County. Heard in the Court of Appeals 16 January 1975.

This action for absolute divorce based on one year's separation was instituted by plaintiff-husband on 6 September 1973. Defendant-wife answered, alleging abandonment in bar and counter-claiming for temporary alimony, permanent alimony, child custody and support, and attorney fees.

The case was tried before a jury. Plaintiff offered evidence that he had been separated from defendant since 4 September 1972. Defendant offered evidence that plaintiff had abandoned her on 4 September 1972, and that prior to that time he had beaten her and whipped her with a belt. Plaintiff admitted striking defendant but denied beating her. Defendant also testified concerning her financial condition and by cross-examination of plaintiff adduced the fact that plaintiff earned over $11,000 per year but only paid her $50 per month.

The trial court submitted the issue of abandonment to the jury, and the jury found that plaintiff had abandoned the defendant as alleged in her answer. The trial court refused to submit issues to the jury relating to whether defendant was a "dependent spouse" and whether plaintiff was a "supporting spouse" within the meaning of G.S. 50-16.1(3) and (4), as requested by plaintiff. After the verdict, the court made findings of fact concerning the parties' financial condition and concluded that defendant was a "dependent spouse" and plaintiff was a "supporting spouse". Plaintiff was ordered to pay defendant $25 per week for alimony, $25 per week for child support, and to pay one-half of all house payments, taxes, insurance and major repairs exceeding $100, until the child of the marriage attained the age of 18 years.

Bennett v. Bennett

*Wallace, Langley, Barwick & Llewellyn, by P. C. Barwick, Jr., and Richard F. Landis II, for plaintiff appellant.*

*White, Allen, Hooten & Hines, P.A., by Thomas J. White, for defendant appellee.*

MORRIS, Judge.

Plaintiff has abandoned his first 30 assignments of error for failure to argue them in his brief. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

By his thirty-first assignment of error he purports to except to the failure of the trial court to submit the following issues:

1. Did the plaintiff abandon the defendant without justification?

2. Is the defendant a dependent spouse?

3. Is the plaintiff the supporting spouse?

We note that the first issue was actually submitted to the jury. With respect to the second and third issues, the record shows plaintiff did not properly object and except to the refusal of the trial court *to submit* the issues tendered.

> "Where there are no objections or exceptions in the lower court to the issues submitted, or to the court's refusal to submit issues tendered, appellant may not challenge the issues for the first time on appeal in his assignments of error." 1 Strong, N. C. Index 2d, Appeal and Error, § 32, p. 170, and cases cited therein.

Plaintiff's only exception was to the court's failure *to instruct* on the above three requested issues. However, the charge of the trial judge is not included in the record on appeal in this case. Therefore, it is not properly before us for review.

Even if the question were properly before us, we do not agree with plaintiff that the issues of who is a "dependent spouse" and who is a "supporting spouse" within the meaning of G.S. 50-16.1 (3) and (4) should be decided by the jury rather than the trial judge. Although the courts of North Carolina apparently have never decided whether the issues of who is the "dependent spouse" and who is the "supporting spouse" should be decided by the judge or by the jury, we are of the

---

---

opinion, and so hold, that these questions should be determined by the trial judge. As we noted in *Peoples v. Peoples,* 10 N.C. App. 402, 410, 179 S.E. 2d 138 (1971) :

> "The determination of what constitutes a 'dependent spouse' and what constitutes a 'supporting spouse' requires an application of principles of statutory law to facts and are therefore mixed questions of law and fact . . . . "

Moreover, as noted by Dr. Robert E. Lee in his work entitled North Carolina Family Law:

> " . . . It should be unnecessary, it seems to this writer, to submit to the jury the determination of which is the dependent and which is the supporting spouse. These are complicated questions of fact, often involving accounting and other financial records, and these questions can best be determined by the judge when he sets the amount of the permanent alimony. . . . The facts necessary to prove which spouse is dependent and which supporting are identical with those required to be considered by the judge in determining the amount of the permanent alimony at the final hearing. It would be futile to produce this evidence twice." 2 Lee, N. C. Family Law, § 137, at p. 50 (Supp. 1974).

For the foregoing reasons, defendant's assignment of error is hereby overruled.

Judge Nowell found sufficient facts to establish defendant as the dependent spouse and plaintiff as the supporting spouse and the need of the defendant for support and the ability of the plaintiff to provide support. His findings were supported by competent evidence as well as the ability of the defendant to make the payments awarded.

No error.

Judges PARKER and HEDRICK concur.