MARCIA STONE SAULS v. WILLIAM GLENN SAULS

No. 7410DC895

(Filed 16 April 1975)

**Divorce and Alimony § 8— abandonment without justification — sufficiency of evidence**

　　The trial court's finding of abandonment without justification in this divorce and alimony action was supported by the evidence when it tended to show that defendant's misconduct and his further involvement with another woman induced plaintiff to consent to her husband's departure from the home and thereby to accept a *fait accompli* even though she "tried to make it work."

　　Judge VAUGHN dissents.

APPEAL by defendant from *Winborne, Judge.* Judgment entered 9 August 1974 in District Court, WAKE County. Heard in the Court of Appeals on 16 January 1975.

　　Plaintiff brought this action against her husband seeking a divorce from bed and board, child custody and support, alimony pendente lite and alimony, counsel fees pendente lite and counsel fees.

　　Judgment was entered granting plaintiff alimony without divorce, and a separate order required that defendant pay plaintiff $100.00 per month as alimony and $400.00 in attorney fees. A subsequent order awarded custody of the children to plaintiff and directed that defendant pay $200.00 per month for the support and maintenance of the minor children. Defendant appealed.

*W. Arnold Smith, for plaintiff appellee.*

*George R. Barrett, for defendant appellant.*

MARTIN, Judge.

In the present case the trial court found *inter alia:*

"(5) That plaintiff was abandoned by the defendant without justification in that defendant did leave the common residence of plaintiff and defendant and taking with him all his personal belongings, and has for a period of nine months failed to resume residence at common residence;

(6) Plaintiff was a dutiful wife to the defendant and did not bring about defendant's departure;"

Sauls v. Sauls

Defendant contends that the above findings were not supported by evidence. In particular, it is argued that plaintiff consented to defendant's departure, and, thus, the abandonment was not without justification. It is true that there is no abandonment when the separation is by mutual agreement. *Lemons v. Lemons,* 22 N.C. App. 303, 206 S.E. 2d 327 (1974). However, where the supporting spouse induces such consent by his or her misconduct and thereby causes the dependent spouse to accept the inevitable, it does not follow that the separation is by mutual consent so as to preclude recovery of alimony. In the present case counsel for both parties stipulated that certain statements would constitute the evidence on appeal. While their rendition of the evidence is rather sparse, it indicates that defendant's misconduct and his further involvement with another woman induced plaintiff to consent to her husband's departure from the home and thereby to accept a *fait accompli* even though she tried "to make it work". We think the trial court's finding of abandonment without justification was supported by the evidence before us.

Finally, defendant contends that the trial court's judgment concluding that plaintiff was entitled to alimony without divorce was entered without the necessary finding that plaintiff was a dependent spouse and defendant was a supporting spouse. An order awarding alimony and attorney fees was entered on the same day as the judgment and this order contained the findings which defendant contends were necessary for the judgment. Viewing these together, there were sufficient findings to support the judgment.

Affirmed.

Judge ARNOLD concurs.

Judge VAUGHN dissents.