HADIE NORMAN FOGLEMAN v. ARNOLD ALTON FOGLEMAN

No. 7818DC680

(Filed 5 June 1979)

**1. Divorce and Alimony § 16.5— alimony action—issues of abandonment and indignities—acts by defendant after separation**

    In this action for alimony without divorce, evidence of defendant's actions six and eight months after the parties separated was not probative of the issues of abandonment and indignities and was properly excluded by the court.

**2. Divorce and Alimony § 16.5— alimony action—exclusion of evidence of financial status**

    In an alimony action in which the court submitted only the issues of abandonment and indignities to the jury, plaintiff was not prejudiced by the court's refusal to admit evidence of the financial status of the parties since, even if plaintiff was a dependent spouse, she would not have been entitled to alimony because the jury found that defendant had not abandoned plaintiff or committed indignities against her.

**3. Divorce and Alimony § 16.7— alimony action—instructions—right to alimony upon abandonment—harmless error**

    In this action for alimony without divorce, plaintiff was not prejudiced by the court's statement in the charge that "the law provides that upon such abandonment the abandoned spouse may be granted alimony."

**4. Divorce and Alimony § 16.7— constructive abandonment—instruction on wilful failure to provide support—harmless error**

    The jury could not have been misled by the court's one reference in the charge to "wilful failure to provide support" as an example of constructive abandonment when there was no evidence of such wilful failure where the court fully explained defendant husband's contentions as to constructive abandonment by the wife.

    Judge MARTIN (Robert M.) dissents.

APPEAL by plaintiff from *Yeattes, Judge.* Judgment entered 22 February 1978 in District Court, GUILFORD County. Heard in the Court of Appeals 23 April 1979.

Plaintiff wife brings this action for alimony both pendente lite and permanent, the use of the family home, and counsel fees, alleging indignities and abandonment. Defendant denied the allegations and averred constructive abandonment on the part of the plaintiff.

On 1 December 1977 a hearing on plaintiff's motion for relief pendente lite was held. Plaintiff was found to be the dependent spouse and was awarded $100 per week, the use of the family home, and $750 in counsel fees.

At jury trial of the action on 13 February 1978 the court ruled, over plaintiff's objection, that the issue of whether the plaintiff was the dependent spouse would not be submitted to the jury, and that no evidence as to the income, expenses or financial status of the parties would be permitted in evidence. Only the issues of abandonment and indignities were submitted to the jury. The jury found that defendant had neither abandoned plaintiff without just cause nor made her life burdensome, and the trial court dismissed plaintiff's action. Plaintiff appeals.

*Cahoon & Swisher, by Robert S. Cahoon, for plaintiff appellant.*

*W. Marcus Short for defendant appellee.*

ARNOLD, Judge.

[1] Plaintiff argues that the trial court erred in excluding certain parts of her testimony. The excluded testimony would have shown that defendant was seen at the house of another woman six months after he separated from the plaintiff; that eight months after the separation defendant closed their joint bank account; and that six months after the separation defendant told plaintiff that she must work to support herself. This evidence was excluded as being too remote in time.

We find no error in the trial court's ruling. The issues presented to the jury were (1) whether defendant had abandoned plaintiff without just cause, and (2) whether during the marriage defendant had offered such indignities as to make plaintiff's condition intolerable and her life burdensome. Evidence of defendant's actions six and eight months after the separation, without more, would not have been probative of these issues. This assignment of error must fail.

[2] The plaintiff next assigns error to the trial court's refusal to admit any evidence of the financial status of the parties. She contends that she was severely prejudiced by this ruling, since in the

absence of evidence of her need for support her suit would have appeared to the jury as merely a vindictive attack upon her husband. Moreover, she says that Art. I, Sec. 25 of the North Carolina Constitution entitles her to have the jury decide these matters.

This Court held in *Bennett v. Bennett*, 24 N.C. App. 680, 211 S.E. 2d 835 (1975), that the questions of who is the dependent and who the supporting spouse are for the trial judge to determine. We need not discuss today the constitutionality of that decision, since in the case *sub judice* a determination that plaintiff was entitled to a jury trial on these issues would not affect the ultimate result.

An award of alimony requires not only a finding that the petitioning party is the dependent spouse, but also a finding that one of the conditions enumerated in G.S. 50-16.2 exists. Here, the issues of abandonment and indignities, G.S. 50-16.2(4) and (7), were submitted to the jury, and the jury found that neither condition existed. Thus, even had the jury determined that plaintiff is the dependent and defendant the supporting spouse under G.S. 50-16.1(3) and (4), plaintiff would not have been entitled to alimony.

We do not find that plaintiff's position before the jury on the issues that were submitted was prejudiced by the omission of the financial evidence. As defendant points out, much evidence that showed the parties' financial conditions came in during the course of the trial. There was evidence that plaintiff worked at the P. Lorillard plant, but missed much work from illness; that defendant worked for Western Electric and also sold insurance; that defendant drove a 1975 Mercedes and provided for plaintiff a 1976 Mercedes; that the family home contains 4320 square feet and is located on a 140-acre tract; that the parties owned a camper and two farm tractors; that plaintiff had $1050 in bonds; and so forth.

[3] Finally, plaintiff assigns error to the charge to the jury. In the first challenged portion the trial judge, instructing on abandonment, stated, "The law provides that upon such abandonment the abandoned spouse may be granted alimony." The plaintiff argues that she was prejudiced by this instruction, since the jury may have believed that she would automatically receive alimony and may have been reluctant to place such a burden on the

defendant. While we agree with the plaintiff that it would have been better for the trial court to have omitted this extraneous and possibly prejudicial sentence, reading the charge as a whole, and in light of the considerable evidence presented by both parties on the issue of abandonment, we find that the plaintiff was not prejudiced.

[4] Nor do we find prejudicial error in the second challenged portion of the charge, where the trial court explained constructive abandonment as "either affirmative acts of cruelty or the wilful failure, such as a wilful failure to provide adequate support or as to provide other requirements of the home." The court went on to explain the husband's contentions as to constructive abandonment, and we believe that in context the jury could not have been misled by the court's one reference to "wilful failure to provide support," of which there was no evidence.

In the judgment of the trial court there is

No error.

Judge CLARK concurs.

Judge MARTIN (Robert M.) dissents