255 S.E.2d 269 (1979)
41 N.C. App. 592
Hadie Norman FOGLEMAN
v.
Arnold Alton FOGLEMAN.
No. 7818DC680.
Court of Appeals of North Carolina.
June 5, 1979.
*270 Cahoon & Swisher by Robert S. Cahoon, Greensboro, for plaintiff-appellant.
W. Marcus Short, Greensboro, for defendant-appellee.
ARNOLD, Judge.
Plaintiff argues that the trial court erred in excluding certain parts of her testimony. The excluded testimony would have shown that defendant was seen at the house of another woman six months after he separated from the plaintiff; that eight months after the separation defendant closed their joint bank account; and that six months after the separation defendant told plaintiff that she must work to support herself. This evidence was excluded as being too remote in time.
We find no error in the trial court's ruling. The issues presented to the jury were (1) whether defendant had abandoned plaintiff without just cause, and (2) whether during the marriage defendant had offered such indignities as to make plaintiff's condition intolerable and her life burdensome. Evidence of defendant's actions six and eight months after the separation, without more, would not have been probative of these issues. This assignment of error must fail.
The plaintiff next assigns error to the trial court's refusal to admit any evidence of the financial status of the parties. She contends that she was severely prejudiced by this ruling, since in the absence of evidence of her need for support her suit would have appeared to the jury as merely a vindictive attack upon her husband. Moreover, she says that Art. I, Sec. 25 of the North Carolina Constitution entitles her to have the jury decide these matters.
This Court held in Bennett v. Bennett, 24 N.C.App. 680, 211 S.E.2d 835 (1975), that the questions of who is the dependent and who the supporting spouse are for the trial judge to determine. We need not discuss today the constitutionality of that decision, since in the case sub judice a determination that plaintiff was entitled to a jury trial on these issues would not affect the ultimate result.
An award of alimony requires not only a finding that the petitioning party is the dependent spouse, but also a finding that one of the conditions enumerated in G.S. 50-16.2 exists. Here, the issues of abandonment and indignities, G.S. 50-16.2(4) and (7), were submitted to the jury, and the jury found that neither condition existed. Thus, even had the jury determined that plaintiff is the dependent and defendant the supporting spouse under G.S. *271 50-16.1(3) and (4), plaintiff would not have been entitled to alimony.
We do not find that plaintiff's position before the jury on the issues that were submitted was prejudiced by the omission of the financial evidence. As defendant points out, much evidence that showed the parties' financial conditions came in during the course of the trial. There was evidence that plaintiff worked at the P. Lorillard plant, but missed much work from illness; that defendant worked for Western Electric and also sold insurance; that defendant drove a 1975 Mercedes and provided for plaintiff a 1976 Mercedes; that the family home contains 4320 square feet and is located on a 140-acre tract; that the parties owned a camper and two farm tractors; that plaintiff had $1050 in bonds; and so forth.
Finally, plaintiff assigns error to the charge to the jury. In the first challenged portion the trial judge, instructing on abandonment stated, "The law provides that upon such abandonment the abandoned spouse may be granted alimony." The plaintiff argues that she was prejudiced by this instruction, since the jury may have believed that she would automatically receive alimony and may have been reluctant to place such a burden on the defendant. While we agree with the plaintiff that it would have been better for the trial court to have omitted this extraneous and possibly prejudicial sentence, reading the charge as a whole, and in light of the considerable evidence presented by both parties on the issue of abandonment, we find that the plaintiff was not prejudiced.
Nor do we find prejudicial error in the second challenged portion of the charge, where the trial court explained constructive abandonment as "either affirmative acts of cruelty or the wilful failure, such as a wilful failure to provide adequate support or as to provide other requirements of the home." The court went on to explain the husband's contentions as to constructive abandonment, and we believe that in context the jury could not have been misled by the court's one reference to "wilful failure to provide support," of which there was no evidence.
In the judgment of the trial court there is
No error.
CLARK, J., concurs.
ROBERT M. MARTIN, J., dissents.