**STATE v. TALBOT**

[123 N.C. App. 698 (1996)]

STATE OF NORTH CAROLINA v. SCOTT ROBERT TALBOT

No. COA95-944

(Filed 3 September 1996)

### Husband and Wife § 46 (NCI4th)— abandonment by supporting spouse—sufficiency of evidence

The evidence was sufficient to permit a reasonable juror to conclude that defendant intentionally abandoned his wife where it tended to show that on 6 October defendant left the marital residence taking with him some belongings; on 7 October defendant returned to gather his remaining things; at no time did he leave any money for his wife's support; and these events occurred before the wife sought a domestic violence order which ordered defendant to stay away from the marital residence for one year. Furthermore, the jury could draw a reasonable inference from the wife's testimony that defendant's affirmative acts of cruelty constituted constructive abandonment. N.C.G.S. § 14-322(b).

**Am Jur 2d, Divorce and Separation §§ 100, 122, 141, 286.**

**Sufficiency of allegations of desertion, abandonment, or living apart as ground for divorce, separation, or alimony. 57 ALR2d 468.**

Appeal by defendant from judgment entered 10 May 1995 by Judge W. Russell Duke, Jr., in Pitt County Superior Court. Heard in the Court of Appeals 19 August 1996.

*Attorney General Michael F. Easley, by Assistant Attorney General Victoria L. Voight, for the State.*

*Assistant Public Defender Stephen M. Hagen for defendant-appellant.*

MARTIN, John C., Judge.

Defendant appeals from a judgment imposing a suspended sentence upon his conviction by a jury of abandonment by a supporting spouse in violation of G.S. § 14-322(b). He assigns error to the trial court's denial of his motion to dismiss at the close of the State's evidence and at the close of all the evidence. At trial, the evidence

tended to establish that in July of 1993 defendant married Kelly Clark Talbot, the prosecuting witness. At all relevant times, Ms. Talbot was a full-time student, and defendant was the supporting spouse. Ms. Talbot testified that throughout their marriage, defendant had been physically abusive toward her. On 6 October 1994 defendant and his wife had a domestic dispute culminating in Ms. Talbot's seeking shelter at a neighbor's home. When Ms. Talbot returned to the marital residence, she discovered that defendant had left and taken some of his belongings. On 7 October, defendant returned to the residence to retrieve his remaining belongings. Ms. Talbot testified that at this time another confrontation occurred wherein defendant pushed her to the ground and struck her repeatedly until "a neighbor came out and told him to get off [her]." Ms. Talbot testified that on 7 October she sought and obtained an assault warrant and a Domestic Violence Order (DVO) forbidding defendant from returning to the marital residence. Ms. Talbot left the residence for a few days until she thought that defendant had been served with the warrant and DVO. Ms. Talbot testified that upon returning to the residence, she discovered that defendant had taken the remainder of his belongings, unplugged the refrigerator causing the food to spoil, disconnected their telephone, and left her no money. Further testimony established that defendant had paid none of the couples' bills which he had done prior to 7 October, and that, as a full-time student, Ms. Talbot was left with no income. After a hearing, the trial court filed a Domestic Violence Protective Order on 18 October 1994 ordering defendant to stay away from the marital residence for one year.

Defendant asserts that his motion to dismiss should have been granted because, due to the DVO, his abandonment was not willful and that Ms. Talbot's seeking the DVO amounted to consent on her part to his departure from the residence. Therefore, he argues, the State could not meet its evidentiary burden to submit the issue to the jury. We reject his argument.

The standard of review in ruling on a motion to dismiss based on insufficiency of the evidence is whether, viewed in the light most favorable to the State, there is substantial evidence of the elements of the offense. *State v. Mercer*, 317 N.C. 87, 343 S.E.2d 885 (1986); *State v. Jones*, 110 N.C. App. 169, 429 S.E.2d 597 (1993). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *State v. Lynch*, 327 N.C. 210, 393 S.E.2d 811 (1990).

Viewed in the light most favorable to the State, the evidence in this case is sufficient to permit a reasonable juror to conclude that defendant intentionally abandoned his wife. Evidence presented at trial tended to show that on 6 October defendant left the marital residence taking with him some belongings. On 7 October defendant returned to the residence to gather his remaining things; at no time did he leave any money for his wife's support. Ms. Talbot testified that these events occurred before she sought the DVO.

Moreover, there is also substantial evidence which would allow a reasonable juror to conclude that defendant constructively abandoned Ms. Talbot prior to entry of the DVO. Constructive abandonment by the defaulting spouse may consist of affirmative acts of cruelty. *Ellinwood v. Ellinwood*, 88 N.C. App. 119, 362 S.E.2d 584 (1987).

> When the husband by cruel treatment renders the life of the wife intolerable or puts her in such fear for her safety that she is compelled to leave the home, the abandonment is his, not hers.

*Eggleston v. Eggleston*, 228 N.C. 668, 679, 47 S.E.2d 243, 250 (1948).

Ms. Talbot testified that during a domestic dispute on 6 October 1994, defendant became violent and started "throwing stuff around the house" and, that on 7 October 1994, defendant became physically violent when he returned home to gather the remainder of his belongings. Ms. Talbot also testified that defendant had previously subjected her to physical abuse. We believe the jury could draw a reasonable inference from Ms. Talbot's testimony that defendant's actions constituted a constructive abandonment of his wife by rendering it impossible for her to continue living with defendant.

Defendant further contends that there can be no abandonment where Ms. Talbot, by seeking the DVO, consented to his departure. The rule in civil actions is that where consent to separation is induced by the misconduct of one spouse, a charge of voluntary abandonment may still be maintained. *Sauls v. Sauls*, 25 N.C. App. 468, 213 S.E.2d 425, *affirmed in relevant part*, 288 N.C. 387, 218 S.E.2d 338 (1975). We hold this rule to be applicable in the current context as well. Based on Ms. Talbot's accounts of defendant's sometimes violent and abusive nature, the evidence was sufficient to permit the conclusion that defendant's misconduct caused his wife to obtain the DVO due to her fear of further abuse.

Because there was substantial evidence that defendant abandoned his wife prior to the DVO, and that his misconduct caused her to obtain the order, the trial court correctly denied defendant's motion to dismiss.

No error.

Chief Judge ARNOLD and Judge SMITH concur.