STATE OF NORTH CAROLINA v. JAMES EDWARD MILLER

No. COA99-431

(Filed 18 April 2000)

**1. Search and Seizure— warrant—scope of search**

The trial court did not err in an indecent liberties with a minor, first-degree sexual exploitation, statutory sexual offense, and statutory rape case by denying defendant's motion to suppress evidence seized by police officers during the search of his residence pursuant to a search warrant based on an affidavit containing information about a police agent's interview of the minor, as well as information obtained in a consent search of defendant's home, because: (1) even if the minor had been subjected to custodial interrogation in which her statutory rights and constitutional rights had not been protected, defendant is without standing to assert that any violation of the minor's rights would protect defendant; (2) although defendant asserts the minor's statements to the police agent were coerced and untruthful, the veracity of the agent as the affiant, instead of the minor, is at issue; and (3) there is no evidence that the officers exceeded the scope of defendant's initial consent to search since a copy of defendant's written consent to search is contained in the record on appeal, and there were no restrictions.

**2. Evidence— hearsay—prior inconsistent statements—credibility—impeachment**

The trial court did not err in an indecent liberties with a minor, first-degree sexual exploitation, statutory sexual offense, and statutory rape case by admitting the testimony of three witnesses concerning prior statements made by the minor, acknowledging living with defendant and having engaged in various sexual activities with him, because even if this evidence should have been excluded as hearsay at the time it was offered, the minor's subsequent testimony on defendant's behalf denying sexual contact with defendant prior to their marriage rendered

her earlier statements relevant and admissible as prior inconsistent statements bearing upon her credibility. N.C.G.S. § 8C-1, Rule 607.

### 3. Indecent Liberties— indictment—sufficiency

The trial court did not commit plain error by entering judgments in 98 CRS 1249, 98 CRS 2875, and 98 CRS 2876 for the convictions of taking indecent liberties with a minor, based on the indictment's alleged insufficient notice of the charges or failure to protect defendant against further prosecution for the same offenses, because: (1) the indictment for this offense is sufficient if it uses the language of N.C.G.S. § 14-202.1 and it does not need to allege the evidentiary basis for the charge; (2) the indictment need not allege specifically which of defendant's acts constituted the immoral, improper, and indecent liberty; and (3) use of the statutory language is also sufficient to satisfy constitutional requirements against double jeopardy.

### 4. Sexual Offenses— indictment—variance—different offense

The trial court committed plain error and defendant's conviction of statutory sexual offense in case number 98 CRS 2875 is vacated because: (1) a defendant must be convicted, if convicted at all, of the particular offense charged in the warrant or bill of indictment; and (2) the trial court instructed the jury with respect to the elements of statutory sexual offense under N.C.G.S. § 14-27.7A(a) when the indictment charges the offense proscribed in N.C.G.S. § 14-27.4(a)(2).

### 5. Indecent Liberties; Rape— sufficiency of evidence

The trial court did not err in denying defendant's motion to dismiss the charges in cases 98 CRS 1249 and 98 CRS 2875 for taking indecent liberties with a minor, and in case 98 CRS 2876 for statutory rape and taking indecent liberties with a minor, because: (1) defendant neither argued nor pointed to a lack of evidence as to any element of these offenses; and (2) the evidence and testimony from numerous witnesses reveals multiple instances of sexual activity and sexual intercourse between defendant and the minor during the time periods alleged in the three bills of indictment.

### 6. Criminal Law— jury instruction—continue deliberations

The trial court did not coerce a verdict in violation of defendant's constitutional rights when it received a note from the jury

STATE v. MILLER

[137 N.C. App. 450 (2000)]

advising that it was deadlocked by a specific numerical division, and the trial court gave the instruction under N.C.G.S. § 15A-1235 and instructed the jurors to continue to deliberate, because there is nothing indicative of intentional or unintentional coercion on the part of the trial court where the trial court did not inquire into the numerical division of the jury.

### 7. Sentencing— allocution—request prior to sentencing

The trial court erred by refusing to allow defendant his right of allocution, the opportunity to address the court prior to sentencing, and a new sentencing hearing must be conducted because N.C.G.S. § 15A-1334(b) expressly gives a non-capital defendant the right to make a statement in his own behalf at his sentencing hearing if defendant requests to do so prior to the pronouncement of sentence.

Appeal by defendant from judgments entered 24 September 1998 by Judge Howard R. Greeson, Jr., in Wilkes County Superior Court. Heard in the Court of Appeals 17 February 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Jane T. Friedensen, for the State.*

*John T. Hall for defendant-appellant.*

MARTIN, Judge.

In case number 98 CRS 1207, defendant was charged with statutory sexual offense in violation of G.S. § 14-27.7A and taking indecent liberties with a minor in violation of G.S. § 14-202.1. In case number 98 CRS 1248, he was charged with first degree sexual exploitation of a minor in violation of G.S. § 14-190.16(a)(1) and with taking indecent liberties with a minor. In case number 98 CRS 1249, defendant was charged with taking indecent liberties with a minor. In case number 98 CRS 2874, he was charged with statutory sexual offense, with statutory rape, and with taking indecent liberties with a minor. In case number 98 CRS 2875, defendant was charged with forcible sexual offense and with taking indecent liberties with a minor. In case number 98 CRS 2876, he was charged with statutory rape and with taking indecent liberties with a minor. The indictments allege the offenses occurred at various times between November 1997 and January 1998; in each indictment the victim was alleged to be R.A.H., a minor.

STATE v. MILLER

[137 N.C. App. 450 (2000)]

We summarize the evidence in this case only to the extent required to discuss defendant's assignments of error. The State offered evidence tending to show that in January 1998, R.A.H. was fourteen years of age and was in her mother's custody. Based upon information received by her father that R.A.H. was living with defendant, who was thirty years of age, an investigation was undertaken by the North Wilkesboro police and the State Bureau of Investigation. On 11 February 1998, R.A.H. was interviewed by S.B.I. Agent Mike Brown. On the same date, she talked with her father and with a social worker.

Based on information provided by R.A.H. during the interview, Agent Brown and other officers went to defendant's mobile home and obtained his consent to search the residence. Various items, including R.A.H.'s pocketbook and one of her school books, were observed. Because defendant was following them around the residence and urging them to hurry, the officers ceased the consent search and obtained a search warrant. After resuming the search pursuant to the search warrant, the officers seized R.A.H.'s pocketbook and schoolbook, numerous articles of her clothing, a camera and undeveloped film, pornographic videos and magazines, and other items. The undeveloped film was developed and contained photographs of R.A.H. nude and clad in a negligee, nude photographs of defendant, and photographs of R.A.H. engaged in sexual acts with other young women.

The State also offered the testimony of several other women who testified as to various occasions between November 1997 and January 1998 when they had seen defendant having sexual intercourse with R.A.H., performing oral sex upon her, and inserting his fingers into her vagina. Defendant directed some of these women to perform sexual acts, including oral sex, with R.A.H. and photographed them while so engaged. Three witnesses testified that defendant had boasted to them of having torn R.A.H.'s vagina during intercourse.

Defendant offered testimony from various witnesses who had visited defendant's residence during the time periods alleged in the bills of indictment and had observed no sexual activity between defendant and R.A.H. R.A.H. testified that she had been suspended from school in October 1997 and had begun working for defendant during the day, keeping house and answering his telephone. After returning to school in January, she continued to visit defendant in the evenings. She testified that she and defendant were married in South Carolina on

STATE v. MILLER

[137 N.C. App. 450 (2000)]

Valentine's Day in 1998, and that they had been driven to South Carolina by her mother. She denied having any sexual relationship with defendant prior to their marriage. She testified that her earlier statements to the police were untruthful and were the product of threats and coercion. She also testified that the sexually explicit photographs of her had been taken by some girls from Boone when defendant was not at his residence.

A jury returned verdicts finding defendant guilty of statutory sexual offense and guilty of taking indecent liberties with a minor in 98 CRS 1207; guilty of first degree sexual exploitation and guilty of taking indecent liberties with a minor in 98 CRS 1248; guilty of taking indecent liberties with a minor in 98 CRS 1249; guilty of statutory sexual offense and guilty of indecent liberties with a minor in 98 CRS 2875; and guilty of statutory rape and guilty of taking indecent liberties with a minor in 98 CRS 2876. The jury found defendant not guilty as to each of the three charges contained in the bill of indictment in 98 CRS 2874.

Judgments were entered sentencing defendant to five consecutive active terms of imprisonment of not less than 19 months nor more than 23 months upon each conviction of taking indecent liberties with a minor, and to an active term of imprisonment of not less than 77 months nor more than 102 months upon his conviction of first degree sexual exploitation, to begin at the expiration of the sentences imposed upon defendant's convictions of taking indecent liberties with a minor. The court consolidated the two statutory sexual offense convictions and the statutory rape conviction and entered judgment sentencing defendant to an active prison term of a minimum of 264 months and a maximum of 326 months. He appeals from these judgments.

I.

[1] Defendant moved to suppress evidence seized by police officers during the search, pursuant to a search warrant, of his residence, contending that the officers exceeded the scope of the limited consent he initially gave for them to search, and that the search warrant was impermissibly based on false information obtained from a coercive interrogation of R.A.H. We reject his arguments.

In denying the motion to suppress, the trial court found that Agent Brown had applied for the search warrant and, to establish probable cause for its issuance, had given an affidavit containing

information which he had obtained during his interview of R.A.H., "as well as information obtained in a consent search of defendant's home." The court found that R.A.H. was not in custody at the time she was interviewed by Agent Brown. The trial court concluded, *inter alia:*

1. The statements by [R.A.H.] made to Special Agent Brown and Social Worker Henderson are admissible for use in the search warrant affidavit. The defendant has no legal standing to raise any alleged Constitutional violations on behalf of the 14 year old juvenile.

. . .

4. Not only was the juvenile not in custody, the juvenile was not interrogated. Any questions by Special Agent Brown were not designed to elicit incriminating statements by and about [R.A.H.], but instead, they were designed to illicit information as to James Miller.

5. All statements contained in the search warrant affidavit were truthful and not made with reckless disregard for their truthfulness. Any involuntariness attributed to the juvenile's statements were not attributable to law enforcement, Social Worker Henderson or Ms. Greene but instead is attributed to the fact that the juvenile did not want to betray her boyfriend, James Miller.

Defendant did not assign error to any of the trial court's findings of fact; the findings are presumed to be correct. N.C.R. App. P. 10(b)(2); *State v. Perry,* 316 N.C. 87, 340 S.E.2d 450 (1986). Our review, therefore, is limited to a determination of whether the trial court's conclusions of law are correct. We hold that they are.

Even if R.A.H. had been subjected to a custodial interrogation in which her statutory and constitutional rights had not been protected, which the trial court found had not occurred, defendant is without standing to assert that any such violation of her rights would entitle him to protection. See *State v. Greenwood,* 301 N.C. 705, 273 S.E.2d 438 (1981) (in context of Fourth Amendment, only those whose personal rights have been violated are entitled to benefit from exclusionary rule). Moreover, though defendant asserts R.A.H.'s statements to Agent Brown were coerced and untruthful, it is the veracity of Agent Brown, as the affiant, not R.A.H., which is at issue. See N.C. Gen. Stat. § 15A-978(a) (1999) (stating that "truthful testimony is tes-

timony which reports in good faith the circumstances relied on to establish probable cause"); *State v. Fernandez*, 346 N.C. 1, 13, 484 S.E.2d 350, 358 (1997) (holding that probable cause for issuance of search warrant anticipates "truthful" showing in affidavit; "truthful" means the information given by affiant is believed to be true).

Defendant also argues the officers exceeded the scope of his initial consent to search and that Agent Brown's inclusion, in the probable cause affidavit, of a description of items observed during that consent search tainted the search warrant. However, defendant did not object or assign error to the trial court's finding that the officers had conducted a consent search of his residence and such finding is therefore binding. In any event, a copy of defendant's written consent to search is contained in the record on appeal and no restrictions on the scope of defendant's consent appear thereon. Defendant's assignments of error related to the denial of his motion to suppress evidence seized from his residence are overruled.

## II.

[2] Defendant also assigns error to the admission into evidence, during the State's case, of testimony by Agent Brown, Detective Holland of the North Wilkesboro Police Department, and R.A.H.'s father concerning statements which R.A.H. made to them when she was interviewed on 11 February 1998. In these statements, R.A.H. acknowledged having lived with defendant from October 1997 until January 1998 and having engaged in various sexual activities with him during that time period. Defendant argues the statements were hearsay and were not admissible under any exception to the rule prohibiting the admission of hearsay evidence.

Assuming, without deciding, that this testimony should have been excluded as hearsay at the time it was offered, R.A.H.'s subsequent testimony on defendant's behalf, during which she denied sexual contact with him prior to their marriage, rendered her earlier statements relevant and admissible as prior inconsistent statements bearing upon her credibility. See N.C. Gen. Stat. § 8C-1, Rule 607. "Inconsistent statements are not made inadmissible for impeachment because of some rule making them inadmissible as substantive evidence." 1 Kenneth S. Broun, *Brandis & Broun on North Carolina Evidence*, § 159, p. 512 (5th Ed. 1998). Any error in admitting such statements prematurely may be cured if the person who made the statements later testifies in such a way as to render the statements admissible. *Id.* at 511. These assignments of error are overruled.

### III.

[3] Defendant contends the trial court committed plain error by entering judgments upon defendant's convictions of taking indecent liberties with a minor in cases 98 CRS 1249, 98 CRS 2875, and 98 CRS 2876 because neither the indictments nor the jury verdicts returned thereon specified the acts which constituted the indecent liberties for which he was convicted. Thus, he contends, the indictments were insufficient to give him notice of the charges against him or to protect him against further prosecution for the same offenses. However, his arguments have been considered by our appellate courts and have been resolved against him.

In *State v. Blackmon*, 130 N.C. App. 692, 507 S.E.2d 42, *cert. denied*, 349 N.C. 531, 526 S.E.2d 470 (1998), this Court held that an indictment which charges a statutory offense, such as taking indecent liberties with a minor in violation of G.S. § 14-202.1, by using the language of the statute is sufficient, and need not allege the evidentiary basis for the charge. The indictment need not allege specifically "which of defendant's acts constituted the 'immoral, improper and indecent liberty.' " *Id.* at 699, 507 S.E.2d at 47 (quoting *State v. Singleton*, 85 N.C. App. 123, 126, 354 S.E.2d 259, 262 (1987)). Use of the statutory language is also sufficient to satisfy constitutional requirements against double jeopardy. *State v. Kennedy*, 320 N.C. 20, 357 S.E.2d 359 (1987) (use of short form indictment to charge first degree sexual offense sufficient to satisfy constitutional guarantees against double jeopardy). Defendant's assignments of error relating to the judgments entered upon the verdicts finding him guilty of taking indecent liberties with a minor in these cases are overruled.

### IV.

[4] Defendant argues, in support of the thirteenth assignment of error contained in the record on appeal, that the court erred in entering judgment upon his conviction of a statutory sexual offense, a violation of G.S. § 14-27.7A, in case number 98 CRS 2875 because the indictment alleged a forcible sexual offense, a violation of G.S. § 14-27.4. However, defendant's thirteenth assignment of error relates to defendant's conviction of taking indecent liberties with a minor, as alleged in the second count of the bill of indictment, the same error alleged in defendant's tenth assignment of error and considered by the court in Section III above. Assuming defendant intended, by his thirteenth assignment of error, to direct our attention to the first count of 98 CRS 2875, in which defendant is charged with forcible

sexual offense in violation of G.S. § 14-27.4, we elect to exercise the discretion accorded us by N.C.R. App. P. 2 to prevent manifest injustice and we address the issue even though, due to the improper assignment of error, the error was not preserved by defendant in the manner required by N.C.R. App. P. 10.

The first count of the bill of indictment in 98 CRS 2875 alleges:

I. The jurors for the State upon their oath present that on or about December, 1997, in the county named above, the defendant named above unlawfully, willfully and feloniously did engage in a sex offense with [R.A.H.], by force and against the victim's will.

The indictment charges the offense proscribed by G.S. § 14-27.4(a)(2) which provides:

(a) A person is guilty of a sexual offense in the first degree if the person engages in a sexual act:

. . .

(2) with another person by force and against the will of the other person, and:

a. Employs or displays a dangerous or deadly weapon . . .

b. Inflicts serious personal injury upon the victim or another person; or

c. The person commits the offense aided and abetted by one or more other persons.

At trial, as to this count, the trial court instructed the jury with respect to the elements of a statutory sexual offense as prohibited by G.S. § 14-27.7A, under which a defendant is guilty of statutory rape or sexual offense if he "engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, . . . ." N.C. Gen. Stat. § 14-27.7A(a).

"It has long been the law of this State that a defendant must be convicted, if convicted at all, of the particular offense charged in the warrant or bill of indictment." *State v. Williams*, 318 N.C. 624, 628, 350 S.E.2d 353, 356 (1986); *State v. Tucker*, 317 N.C. 532, 346 S.E.2d 417 (1986). Though defendant failed to object to the court's instruction, our Supreme Court has held it to be a basic violation of due

process, amounting to plain error, where a jury is instructed as to an offense which is not charged in the bill of indictment. *Id.* Accordingly we must vacate defendant's conviction of statutory sexual offense in case number 98 CRS 2875.

## V.

**[5]** Defendant also contends that because there was insufficient evidence to support his convictions of the offenses charged in cases 98 CRS 1249, 98 CRS 2875, and 98 CRS 2876, the trial court erred in refusing to dismiss those charges. A criminal defendant's motion to dismiss based on the insufficiency of the evidence must be denied if there is substantial evidence of each element of the crime charged. *State v. Talbot*, 123 N.C. App. 698, 474 S.E.2d 143 (1996). The evidence must be viewed in the light most favorable to the State. *Id.*

With the exception of the charge of forcible sexual offense discussed in Section IV above, defendant has neither argued nor pointed us to a lack of evidence as to any element of any of the remaining offenses for which he was convicted in those cases. Indeed, we have reviewed the evidence thoroughly and find testimony from numerous witnesses as to multiple instances of sexual activity and sexual intercourse between defendant and R.A.H. during the time periods alleged in the three bills of indictment challenged by defendant. Thus, we overrule defendant's challenge to the sufficiency of the evidence to support his convictions of taking indecent liberties with a minor in cases numbered 98 CRS 1249 and 98 CRS 2875, and his conviction of statutory rape and taking indecent liberties with a minor in 98 CRS 2876.

## VI.

**[6]** We reject without extensive discussion defendant's contention, in support of his first assignment of error, that the trial court coerced a verdict in violation of his constitutional rights. After receiving a note from the jury advising they were deadlocked by a specific numerical division, the trial court gave the instruction contained in G.S. § 15A-1235 and instructed the jurors to continue to deliberate. Under the circumstances of this case, where the trial court did not inquire into the numerical division of the jury, we find nothing indicative of intentional or unintentional coercion on the part of the trial court, and no violation of defendant's rights under the State or Federal Constitutions. See *State v. Fowler*, 312 N.C. 304, 322 S.E.2d 389 (1984).

## VII.

**[7]** Finally, we consider defendant's argument, in support of his third assignment of error, that his rights to a fair trial and to equal protection of the law under the State and Federal Constitutions, and his rights pursuant to G.S. § 15A-1334(b), were violated by the trial court's refusal to permit him to address the court prior to sentencing.

At sentencing, defendant's counsel first made a statement on defendant's behalf, after which the following colloquy occurred:

THE COURT: All right, anything further.

MR. BREWER: No, sir.

THE COURT: Mr. Green?

MR. GREEN: No, sir.

THE COURT: Stand up.

DEFENDANT MILLER: (Standing).

THE COURT: All right, now, Madam Clerk, you need the verdicts?

CLERK: (Shakes head negatively).

MR. BREWER: Your Honor, may he be heard?

THE COURT: No, sir. No, sir. In the second degree, in all second degree. . . .

Allocution, or a defendant's right to make a statement in his own behalf before the pronouncement of a sentence, was a right granted a defendant at common law. *State v. Green*, 336 N.C. 142, 443 S.E.2d 14 (1994). The right of allocution was codified in G.S. § 15A-1334(b) which provides in pertinent part:

(b) Proceeding at Hearing.—The defendant at the hearing may make a statement in his own behalf. The defendant and prosecutor may present witnesses and arguments on facts relevant to the sentencing decision and may cross-examine the other party's witnesses. No person other than the defendant, his counsel, the prosecutor, and one making a presentence report may comment to the court on sentencing unless called as a witness by the defendant, the prosecutor, or the court. Formal rules of evidence do not apply at the hearing.

This Court has said "N.C. Gen. Stat. § 15A-1334(b) expressly gives a non-capital defendant the right to 'make a statement in his own behalf' at his sentencing hearing" if the defendant requests to do so prior to the pronouncement of sentence. *State v. Rankins*, 133 N.C. App. 607, 613, 515 S.E.2d 748, 752 (1999). Because the trial court failed to do so, we must remand these cases for a new sentencing hearing.

For the reasons stated, we must vacate defendant's conviction of statutory sexual offense in case number 98 CRS 2875. As to defendant's convictions of statutory sex offense contained in the first count of the bill of indictment in case number 98 CRS 1207 and statutory rape contained in the first count of the bill of indictment in 98 CRS 2876, defendant's conviction of taking indecent liberties with a minor contained in the second count of the bill of indictment in 98 CRS 1207, defendant's conviction of taking indecent liberties with a minor and first degree sexual exploitation in 98 CRS 1248, defendant's conviction of taking indecent liberties with a minor in 98 CRS 1249, defendant's conviction of taking indecent liberties with a minor contained in the second count of the bill of indictment in 98 CRS 2875, and defendant's conviction of taking indecent liberties with a minor contained in the second count of the bill of indictment in 98 CRS 2876, we find no error in defendant's trial but remand the cases to the trial court for a new sentencing hearing.

No error in part, vacated in part, and remanded for resentencing.

Judges WYNN and HUNTER concur.